No. 2655.

WILLIAM DUDLEY *v.* THE STATE.

1. PRACTICE—EVIDENCE—EXECUTIVE PARDON.—Conditional pardon will not restore to one convicted of a felony competency to testify as a witness in the courts of this State.

2. SAME.—The State having introduced a conditionally pardoned convict as a witness against the defendant, the latter, for the purpose of assailing the credibility of the witness, proposed to read in evidence the judgment of conviction against him for felony, which, upon objection by the State, was excluded. *Held*, that the ruling was error.

APPEAL from the District Court of Waller.     Tried below before the Hon. W. H. Burkhart.

The conviction in this case was for the robbery of F. Schultz, and the penalty imposed was a term of ten years in the penitentiary.     The offense was alleged to have been committed in Waller county, Texas, on the twenty-sixth day of August, 1887.     The facts of the case are not involved in the rulings of the court. The charter of pardon was conditioned that it was "subject to revocation by the Governor of Texas whenever it shall be determined by said Governor that he (said convict) has violated any of the criminal laws of this State."

*Harvey & Browne*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE.     With commendable and characteristic candor and fairness, the Assistant Attorney General confesses errors in this conviction, to wit:

1. It was error to permit the witness Shultz to testify as a witness in behalf of the State, over the defendant's objection, it being shown that said witness had been convicted of felony in this State, which conviction had not been legally set aside, and the said witness not having been legally pardoned for the crime of which he had been convicted—said witness having been conditionally pardoned only.     (Carr v. The State, 19 Texas Ct. App., 635.)

2. It was error to reject, when offered as evidence by the defendant, the judgment of conviction showing the conviction of said witness Shultz of a felony. This testimony was offered for the purpose of affecting the credibility of said witness, and for such purpose was admissible. (Bennett v. The State, ante, page 73.)

Because of said errors the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered November 2, 1887.