[No. 23713. Department Two. March 21, 1932.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK GREEN, *Appellant.*[1]

*Henry Clay Agnew,* for appellants.

*Robert M. Burgunder* and *A. E. Bailey, Jr.,* for respondent.

[1]Reported in 9 P. (2d) 62.

TOLMAN, C. J.—Appellant was charged with the crime of grand larceny committed by receiving property known to have been stolen. He appeals from a conviction and assigns two errors.

■ The prosecuting attorney confesses the first error assigned, and the appellant has in writing waived the second error assigned. If we should permit the parties, by stipulation or agreement, to determine the law, we might establish precedents which would be embarrassing. It therefore seems necessary in a case like this, notwithstanding the respondent's confession of error, for us to determine whether, in fact, error was committed.

It appears that the appellant was charged jointly with the person who had stolen the property, and upon the trial of the appellant, that person was called as a witness by the state, and testified that he informed the appellant that the property was stolen, and that the appellant had full knowledge of the fact that it was stolen when he purchased it. On cross-examination, it was drawn out that this witness had been four times convicted of felonies; and he was further interrogated as to the nature of the crimes of which he had been convicted. To this cross-examination, the state interposed an objection, which was sustained by the trial court.

■ This ruling was undoubtedly error, under the rule established by *State v. Steele,* 150 Wash. 466, 273 Pac. 742, wherein the court, speaking through the late Chief Justice Fullerton, interpreted our statute (Rem. Comp. Stat., § 2290) as permitting former convictions to be shown by the record of conviction, by an authenticated copy thereof, by other competent evidence, or by the cross-examination of the witness; and then proceeded to say:

"It is at once apparent, of course, that if the record of the conviction is introduced, it will of necessity show the nature of the offense and the extent of the punishment, and, since cross-examination is only an alternate method of proving the conviction, we see no reason why the witness may not be examined as to any matter the record itself will show, and this we think was the purpose of that part of the statute we have above quoted.

"Moreover, it is the common knowledge of every one conversant with the criminal statutes that acts are denounced by them as crimes, the conviction of which would have but little, if any, bearing on the weight of the testimony of the person convicted, given in another cause, while there are others of a nature so depraved that a conviction for their violation would be to put the perpetrator beyond the pale of consideration in the minds of all right-thinking people."

This rule applies against the state as well as in its favor; and if it may cross-examine one charged with crime as to the nature of his offense so as to discredit his testimony, so, when it produces a witness who has been convicted of crime, he likewise may be cross-examined to the same extent and for the same purpose.

The trial court erred in limiting the cross-examination, and the judgment is reversed, with directions to grant a new trial.

HOLCOMB, MAIN, BEALS, and MILLARD, JJ., concur.