[No. 99-41071-2.　　Division Two.　　April 2, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. LOUIS E. TATE, *Appellant.*

*Walters & Whitaker* and *Ronald F. Whitaker,* for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Cameron K. Hopkins, Deputy,* for respondent.

ARMSTRONG, C. J.—The defendant, Louis E. Tate, was convicted by a jury of the crime of second-degree burglary. Defendant's appeal raises the question of whether the court was in error in refusing to allow him to impeach the state's primary witness through the use of her plea of guilty to another felony charge. She had entered her plea of guilty to the charge of forgery after the time of the alleged burglary. The plea had been accepted by another judge of the Yakima County Superior Court before her testimony in this case but a deferred sentence was not imposed until after she had testified as chief prosecution witness against defendant.

The question of whether a guilty plea is a "conviction" and may be shown to impeach the testimony of the prosecution's witness is a matter of first impression in this state. There is a division of authority in courts of other states.

Defendant was charged with second-degree burglary allegedly committed at 3 p.m. on December 24, 1968, at the Yakima County residence of Robert L. Poremba. On the day in question the defendant was "riding around" in a black automobile with Patricia Ann Jennings and Willie Bernetta Norris. During the afternoon of that day they stopped at the Poremba residence. Patricia Jennings went to the door of the house and spoke with Donald G. Johnson who was living at the Poremba house. Miss Jennings asked for Mr. Poremba and was told that he was working. She returned to the car. The trio drove around for a short period of time and returned to the Poremba house at about 3 p.m. Miss Norris remained in the car while the defendant and Miss Jennings entered the house and removed from it various items of personal property—a portable television set, guitar and transistor radio—belonging to Donald G. Johnson. They returned to the car and drove away. The car was stopped by a neighbor who identified the defendant as the man in the car. He had seen a man kick in the door but could not determine from a distance whether it was the defendant.

Patricia Jennings testified that she had told defendant Poremba had a "lot of nice things" in the house and that she and defendant "plotted" to enter the house and take what they wanted. She testified that defendant kicked in the door to the house in order for them to enter.

Defendant Tate testified that Patricia Jennings and her girl friend, Willie Bernetta Norris, picked him up in Mrs. Jennings' car. They drove around and eventually went to the Poremba house. She told him that Poremba was her boy friend and she wanted to go get some things that belonged to her—a television set, a transistor radio and a guitar. He stated that he helped her remove the items that he thought belonged to her.

Defendant attempted to impeach the state's witness Patricia Jennings by asking her if she had ever been convicted of a crime. The witness was less than 17 years of age and the trial judge excused the jury so that he could ascertain whether the crime referred to was a juvenile offense. In the absence of the jury it was ascertained that the witness had committed juvenile offenses. Defendant's trial counsel, J. P. Tonkoff, then established, in the absence of the jury, that although the witness Jennings claimed to be an accomplice in the act of burglary with which defendant was charged, she was not prosecuted for her claimed participation. The alleged crime of burglary took place on December 24, 1968. Defendant was charged with the crime of burglary on January 16, 1969. The witness Jennings was charged with an unrelated crime of forgery on January 21, 1969, and entered a plea of guilty that day. The plea of guilty was accepted by the court. Defendant's trial commenced on April 9, 1969. A judgment and order deferring sentence and granting probation on the witness Jennings' plea of guilty to forgery was entered on July 24, 1969.

The defendant's counsel offered to prove that the witness Jennings had been convicted of the crime of forgery. The trial court refused the offer of proof and refused to permit defendant to inquire about it on the grounds that a plea of guilty is not a "conviction" until a final order is entered.

There is substantial authority in our state to sustain the position of both defense counsel and the trial court with reference to what constitutes a conviction in other factual and legal situations, but no direct authority on the question of whether a plea of guilty constitutes a conviction with reference to impeachment of a state's witness in a criminal case. There is a substantial division of authority in other states.[1]

On appeal defendant makes a 2-pronged attack on the court's ruling. Defendant contends that this ruling not only precluded an inquiry into the credibility of the witness Jennings, but also denied defendant the opportunity to show the witness' motive—her bias and self-interest—in testifying. It is contended this constituted prejudicial error. Accepting what we believe to be the better reasoned line of cases, we agree.

The witness Jennings' testimony was directed to the primary element of defendant's intent in removing the items from the Poremba residence. The testimony of Miss Jennings was vital to the state's case against defendant. Without the testimony of Miss Jennings the defendant's testimony that he believed he was helping her retake property that rightfully belonged to her was uncontroverted. Under these circumstances we think it was of paramount importance for the defendant to have the opportunity of showing anything that might reflect on the credibility of this witness or demonstrate the motive, self-interest or bias in her testimony.

The statute governing the cross-examination of a witness in a criminal case as to conviction of a crime is RCW 10.52.030:

Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his

---

[1]See discussion of cases of other jurisdictions in 14 A.L.R.3d 1272 (1967).

cross-examination, upon which he shall answer any proper question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer thereto.

█ We think that for the purpose of determining a witness' credibility and motive in testifying, a plea of guilty, entered and then accepted, constitutes a conviction under the terms of this statute. We find no Washington cases directly in point on the question before us, but we find ample authority that a plea of guilty, in itself, constitutes a conviction for other purposes.

In the habeas corpus proceeding of *Woods v. Rhay*, 68 Wn.2d 601, 414 P.2d 601 (1966), our Supreme Court considered the question of voluntariness of a plea of guilty. The court stated at page 605:

> A plea of guilty to a criminal offense, if voluntarily made in open court, is a confession of guilt and the result equivalent to a conviction. Unless withdrawn before sentence is pronounced, such a plea has the same effect in law as a verdict of guilty, for nothing remains to be done save the imposition of sentence. *In re Mohr v. Smith*, 26 Wn.2d 188, 173 P.2d 141 (1946); *In re Brandon v. Webb*, 23 Wn.2d 155, 160 P.2d 529 (1945); *State ex rel. Lundin v. Superior Court*, 102 Wash. 600, 174 Pac. 473 (1918).

In *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), the United States Supreme Court, considering essentially the same question, stated at page 242:

> A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. See *Kercheval v. United States*, 274 U.S. 220, 223.

The effect of a plea of guilty is well stated in *Brandon v. Webb*, 23 Wn.2d 155, 160, 160 P.2d 529 (1945):

> Such plea is a confession of guilt and is equivalent to a conviction, leaving no issue for the jury, except in those instances where the extent of the punishment is to be imposed or found by the jury. By pleading guilty the defendant admits the acts well pleaded in the charge, waives all defenses other than that the indictment or in-

formation charges no offense, and waives the right to trial and the incidents thereof.

The state relies on the cases of *Tembruell v. Seattle*, 64 Wn.2d 503, 392 P.2d 453 (1964); and *Matsen v. Kaiser*, 74 Wn.2d 231, 443 P.2d 843 (1968), to support its position that the word "conviction" requires judgment and sentence. We think these cases are clearly distinguishable. Both involved interpretation of different statutes than those with which we are confronted here. *Tembruell v. Seattle* was concerned with interpretation and application of RCW 41.20.110 relating to termination of a pension. In that case Tembruell's plea of guilty to a felony charge, coupled with an award of probation and subsequent dismissal of the charge, was interpreted so as not to defeat a vested pension right, which is a property right not subject to divestment except for reasons of the most compelling force. *Matsen v. Kaiser* involved interpretation and application of RCW 9.92.120 relating to disqualification of a public official who has been convicted of a felony. In *Matsen* as in *Tembruell* there had been a plea of guilty, an award of probation, permission to withdraw the plea of guilty, and dismissal of the charge, after a successful probation. At page 236 our Supreme Court acknowledged that

> the word *conviction* in criminal statutes has more than one meaning; it may mean a finding of guilt in one situation — as in a verdict or plea of guilty — or in other circumstances and in a different context may mean a formal finding or declaration of guilt — as in a judgment and sentence. *State ex rel. Brown v. Superior Court*, 79 Wash. 570, 140 Pac. 555 (1914).

We conclude that a prosecution witness may be impeached by a plea of guilty which has not been withdrawn because it is for this purpose equivalent to proof of conviction. A prior plea of guilty to a felony is as material and relevant to the issue of credibility of the witness as would be a plea of guilty or verdict of a jury followed by a judgment and sentence. *See People v. Andrae*, 295 Ill. 445, 129 N.E. 178 (1920); *People v. Dail*, 22 Cal. 2d 642, 140 P.2d

828 (1943); *State v. Taylor*, 153 Conn. 72, 214 A.2d 362 (1965); *State v. Reyes*, 99 Ariz. 257, 408 P.2d 400 (1965). *See also State v. Green*, 167 Wash. 266, 9 P.2d 62 (1932), wherein our Supreme Court held that it was error to exclude cross-examination of a state witness to show the nature of the crimes of which the witness has been convicted.

▉ Another compelling reason exists for permitting impeachment of the witness Jennings by evidence of her plea of guilty to an unrelated offense. She had not yet been sentenced. Her plea of guilty was admissible not only to attack her credibility because she had been convicted of a felony, but also to establish motive, bias, self-interest and hope for leniency. Under such circumstances the subtle pressures are present even though no promises have been made by the prosecuting attorney. Cross-examination of the witness as to her plea of guilty might have produced results which would have made a difference in the jury's appraisal of her testimony.

▉ Where a criminal case may stand or fall on the jury's belief or disbelief of one witness, his credibility is subject to close scrutiny. Although the cross-examination of a prosecution witness is subject to the discretion of the trial court, great latitude is allowed in cross-examining an essential prosecution witness to show motive for his testimony. *See Gordon v. United States*, 344 U.S. 414, 97 L. Ed. 447, 73 S. Ct. 369 (1953); *Alford v. United States*, 282 U.S. 687, 75 L. Ed. 624, 51 S. Ct. 218 (1931); *United States v. Hogan*, 232 F.2d 905 (3d Cir. 1956); *People v. Andrae, supra;* Annot. 62 A.L.R.2d 610 (1958).

The usual fact pattern, as in the case at bar, involves the testimony of an accomplice who has entered a plea of guilty to a felony but has not yet been sentenced. In such instances, it becomes even more important that there be great latitude in cross-examination to ascertain whether he may have expected more favorable treatment by reason of his testimony. *See State v. Wilson*, 70 Wn.2d 638, 424 P.2d 650 (1967).

The judgment of the trial court is reversed and the cause remanded to the Superior Court for Yakima County for a new trial.

PEARSON and PETRIE, JJ., concur.