[No. 399-3.    Division Three.    February 17, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY L. KNOTT, *Appellant.*

*Richard L. Cease* and *Sid Wurzburg,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Jerry Neal, Deputy,* for respondent.

GREEN, J.—Defendant, Larry L. Knott, was charged with five counts of second-degree burglary. Upon jury trial, he was convicted on three counts, found innocent of one count and one count was dismissed. By special interrogatory, the jury found defendant was armed with a deadly weapon at the time he committed one of the burglaries. Defendant appeals.

First, error is assigned to the trial court's denial of a motion for continuance. The grounds urged for the continuance were (1) insufficient time to prepare, (2) defendant had procured the necessary funds to hire his own attorney and therefore the public defender should have been discharged as requested, and (3) due to the short preparation time defendant was unable to locate alibi witnesses. In considering this assignment of error, we are governed by the oft-stated rule in *State v. Miles,* 77 Wn.2d 593, 597, 464 P.2d 723 (1970):

> The granting or denying of a motion for continuance of the trial of a case, whether criminal or civil, rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent a showing that the trial court in ruling upon the motion either failed to exercise its discretion or manifestly abused its discretion. [Citing cases.]

On January 18, 1971, while defendant was driving an automobile in Toppenish, he was arrested pursuant to a Spokane Justice Court warrant. At the time of his arrest, a loaded pistol was found beneath the driver's seat of the car. On February 3, an information was filed charging defendant with second-degree burglary of the Elliott Bay Lumber Co. in Spokane. The next day this information was amended to allege that at the time of the burglary defendant was armed with a deadly weapon, under RCW 9.95.015. On February 17, a second amended information was filed adding four additional counts of second-degree burglary. On February 22, defendant appeared in court with the public defender for arraignment and pled not guilty to all five counts. At that time, by reason of the additional counts, defendant requested the trial date then set for March 1 as to count 1 be stricken and trial be set over until the May term of court. Defendant stated he would not have sufficient time to prepare his defense and, further, he wanted to be represented by counsel other than the public defender. The March 1 trial date was stricken and the case set for March 24. On March 23, defendant again moved for a continuance which was denied; and on March 24, the first day of the trial he renewed the motion which was again denied. On the morning of the trial, defendant told the court he was able to make bond which would permit him to personally locate alibi witnesses whom he did not know by name. He also represented that two named alibi witnesses were out of town and unavailable for testimony. The state immediately checked the location of these two witnesses and found they were in Spokane and available to testify. During the trial neither of these two witnesses were called to testify. The reference to other unnamed alibi witnesses is extremely vague; however, the record shows the public defender's office had an investigator on the case cooperating with defendant's wife from the time of the charge until the time of trial. Further, defendant represented that by assignment of the bond monies he would have funds to hire an attorney of his own choosing. The record shows the

bond was posted by a relative of defendant and there is nothing other than defendant's representation that any portion of that money would be available to defendant to hire an attorney of his own choosing. A careful examination of the record shows defendant was ably and skillfully represented. We are unable to find any abuse of discretion in denying the motion for continuance.

Second, defendant contends the trial court erred in denying a motion made before trial to prevent the state from asking defendant, if he took the stand, as to whether he had ever been convicted of a crime. Defendant had been previously convicted of second-degree burglary and placed on probation. Upon the successful completion of that probation the conviction had been set aside and the information dismissed pursuant to RCW 9.95.240:

> Dismissal of information or indictment after probation completed. Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right in his probation papers: *Provided, That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.*

(Italics ours.) Defendant argues dismissal of the prior information eliminated the conviction and thus prevented its use for impeachment purposes in the instant case. It is contended the italicized portion of the quoted statute limits the use of such prior proceeding to a subsequent charge

where the prior conviction is an essential element of the offense and thus, it may be "pleaded and proved." We disagree. It is our view the legislature did not intend to limit the use of a prior conviction solely to those prosecutions where the prior conviction is an essential part of the crime charged. Otherwise, it would not have also provided that the prior conviction could be used in *any* subsequent prosecution for *any* other offense. This interpretation is consistent with RCW 5.60.040 and RCW 10.52.030 where the legislature expressly provides that a prior conviction may be shown as it affects the credibility of the witness. The Supreme Court of Idaho in *State v. Bock,* 80 Idaho 296, 311, 328 P.2d 1065 (1958), approved the use, for impeachment purposes, of a prior conviction that had been dismissed, saying:

> The dismissal does not expunge the conviction so far as impeachment is concerned. It had the effect of restoring "civil rights." [Citing statute.] But there is no civil right to be immune from impeachment. [Citing statute.]

We believe this decision is sound.[1]

■ Third, defendant claims error in the admission of the pistol found under the front seat of the car in which defendant was arrested 9 days after the burglary upon the ground of remoteness. Further error is assigned to the failure to strike the deadly weapon allegation from the information upon the ground there was insufficient evidence to show a pistol was used in the burglary. We disagree. A witness, who admitted being an accomplice to the burglary, testified that during the course of the burglary he observed defendant remove a pistol from beneath his shirt and, when shown the pistol found beneath the seat of the car in which defendant was arrested, he said it looked like the pistol he saw during the burglary. The failure of the witness to positively identify the particular pistol affects the weight

---

[1] As early as 1924, our court in *State v. Serfling,* 131 Wash. 605, 230 P. 847 (1924), held that a conviction followed by a full pardon is not a bar to raising the prior conviction of a witness for purposes of impeachment.

and not the admissibility of the weapon. The same is true as to the claim of remoteness. *State v. Duree,* 52 Wn.2d 324, 328, 324 P.2d 1074 (1958); *State v. Smith,* 74 Wn.2d 744, 768, 446 P.2d 571 (1968). See also *State v. Stevenson,* 169 Wash. 10, 13 P.2d 47 (1932); *State v. Gray,* 64 Wn.2d 979, 395 P.2d 490 (1964).

■ Fourth, error is assigned to the court's refusal to dismiss counts 2 and 4 of the information at the close of the state's case. Defendant waived this assignment of error when he elected to proceed and present evidence in his own defense. *State v. Hendrickson,* 1 Wn. App. 61, 459 P.2d 55 (1969); *State v. Beck,* 4 Wn. App. 306, 307, 480 P.2d 803 (1971). Neither do we find error in refusing to dismiss the same two counts at the conclusion of the state's case. Considering all the evidence in a light most favorable to the state, *State v. Woody,* 73 Wn.2d 179, 437 P.2d 167 (1968), we find there was sufficient evidence from which the jury could find the defendant guilty on these two counts.

■ Fifth, defendant assigns error to the giving of an instruction on the issue of flight and the refusal to give a proposed alibi instruction. Although the circumstances or inferences of flight must be substantial and real, not speculative, conjectural or fanciful (*State v. Bruton,* 66 Wn.2d 111, 112, 401 P.2d 340 (1965); *State v. Bryant,* 73 Wn.2d 168, 172, 437 P.2d 398 (1968)), we conclude there was sufficient evidence to justify the instruction. The evidence shows defendant knew of the arrest of an accomplice and had discussed it with another accomplice. Immediately thereafter, they departed Spokane in the middle of the night without telling the wife of the accomplice, who was in bed. Prior to leaving, they talked about getting rid of "some stuff." These circumstances were sufficient to permit the flight instruction.

■ A careful review of the record shows there is insufficient evidence to support a prima facie defense of alibi. Therefore, the proposed alibi instruction was properly refused. Before a defendant is entitled to an instruction upon a given theory, there must be prima facie support in the

record for such theory. See *State v. Rio,* 38 Wn.2d 446, 454, 230 P.2d 308 (1951), *cert. denied,* 342 U.S. 867, 72 S. Ct. 106, 96 L. Ed. 652 (1951); *State v. Woods,* 163 Wash. 224, 1 P.2d 219 (1931); *cf. State v. Mode,* 57 Wn.2d 829, 835, 360 P.2d 159 (1961).

■ Sixth, error is assigned to the denial of a motion in arrest of judgment or, in the alternative, for a new trial. During oral argument, counsel urged that prior to trial an accomplice who stated he refused to testify upon constitutional grounds told counsel after defendant's conviction he believed an injustice had occurred and that he was now willing to testify in exoneration of defendant. This contention was not argued in the defendant's brief. The record does not contain an affidavit by the accomplice setting forth under oath the facts to which he would testify. Consequently, there is no assurance the claimed witness would so testify. Further, such testimony, if given, would tend only to contradict the testimony of other accomplices who placed the defendant at the scene of the burglaries. We find the trial judge did not abuse his discretion in denying the motion for new trial or in arrest of judgment upon this ground.

Finally, defendant assigns error to the admission of exhibits 7 and 8 upon the ground there was insufficient identification. We have carefully reviewed the record surrounding the admission of these two exhibits and find they were properly admitted. Defendant's objection goes to the weight rather than the admissibility.

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied April 13, 1972.

Review denied by Supreme Court June 7, 1972.