[No. 1673-2.    Division Two.    October 9, 1975.]

THE STATE OF WASHINGTON, *Appellant*, v. HENRY WALKER, *Respondent*.

*Curtis M. Janhunen, Prosecuting Attorney*, and *David L. Edwards, Deputy*, for appellant.

*John D. Schumacher* (of *Charette & Brown*), for respondent (appointed counsel for appeal).

REED, J.—The defendant, Henry Walker, was convicted by a jury of second-degree assault upon a Hoquiam police officer "with intent to prevent and resist" his lawful apprehension and detention. RCW 9.11.020(6). The State appeals from an order granting defendant's motion for new trial; the defendant cross-appeals from an order denying his motion in arrest of judgment.

A recitation of the facts giving rise to the charge would serve no useful purpose except to state that defense wit-

ness, Bradshaw, was present at the scene, and his testimony was used to counter the police version of the incident. The State was allowed to impeach Bradshaw by exacting an admission of a 1962 felony conviction over the objection that the witness had been granted a deferred sentence, and had successfully sought dismissal under the provisions of RCW 9.95.240. At the urging of the defendant on his motion for a new trial the court reversed its position on this point and ordered a new trial. The State appeals this ruling.

The issue raised by the State's appeal may be stated as follows: May convictions which have been "expunged" by dismissal under the provisions of RCW 9.95.240 be used to impeach a witness who is not the defendant in a subsequent criminal action?

The admission of prior convictions to impeach in a criminal case is governed by statute in this state.[1]

However, later enacted RCW 9.95.240 provides as follows:

> Dismissal of information or indictment after probation completed. Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the infor-

---

[1]RCW 10.52.030 provides:

"Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer thereto."

For the proposition that RCW 5.60.040 applies to civil proceedings only, see *Mullin v. Builders Dev. & Fin. Serv., Inc.*, 62 Wn.2d 202, 207, 381 P.2d 970 (1963).

mation or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right in his probation papers. *Provided, That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.*

(Italics ours.)

Resolution of the issue presented turns on the relationship between the main body of the statute and its proviso. A broad interpretation would allow impeachment by use of the former conviction against the convicted person whether he be appearing as a defendant in a subsequent prosecution or as a witness. The more narrow interpretation would allow impeachment by use of a conviction only against a defendant in a subsequent criminal prosecution. We adopt the latter construction.

The legislative history of the statute is of no aid in its interpretation, but the State claims that our courts have spoken to the problem in *State v. Tate,* 2 Wn. App. 241, 469 P.2d 999 (1970), *State v. Knott,* 6 Wn. App. 436, 493 P.2d 1027 (1972), and, most recently in *State v. Johnson,* 12 Wn. App. 548, 530 P.2d 662 (1975).

These cases may be distinguished, however. In *Tate,* a prosecuting witness had not as yet been sentenced on her guilty plea, and in *Knott,* the court held that the proviso of the statute specifically countenanced impeachment of the defendant himself while dismissing a contention that its use should be limited to subsequent crimes charged where the prior conviction is an essential element thereof and thus, may be "pleaded and proved." *Knott* relies heavily upon *State v. Bock,* 80 Idaho 296, 311, 328 P.2d 1065 (1958), wherein a *defendant* was impeached by the use of a Washington conviction which had been dismissed pursuant to our statute. The Idaho Supreme Court reasoned that:

The dismissal does not expunge the conviction so far as impeachment is concerned. It had the effect of restoring

"civil rights". [Citing Idaho statute.] But there is no civil right to be immune from impeachment.

The edge of the *Bock* decision is dulled, however, when one examines the Idaho statute relied upon in the quoted portion of that opinion. It can readily be seen that the Idaho court was construing its own statute on "expungement" and not that of Washington.[2]

*Johnson* poses the most troublesome hurdle in that it dealt with impeachment of a *witness*, not a defendant, by the use of a burglary conviction, followed by deferred sentence and apparent later dismissal. The trial court refused to allow the impeachment because of the deferred sentence. The appellate court held this to be error, but harmless in the circumstances, and went on to cite *Tate* and *Knott* as establishing the rule in Washington that a conviction, even though followed by a deferred sentence is proper impeachment fodder. Note, the court did not address the issue by a direct reference to the *dismissal*, which is simply alluded to in the factual narration, but appears to limit its ruling to the effect of a deferred sentence. We do not feel the *Johnson* court intended a thorough analysis of the question which it believed had been answered in *Tate* and *Knott*.

Thus, the question before us has never been squarely faced nor thoroughly analyzed so as to make clear the distinction between impeachment of a criminal defendant who has satisfied the expungement requirements of RCW

[2]At that time Idaho Criminal Procedure § 19-2604(1) provided:

"Discharge of defendant—Amendment of judgment. If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, *and finally dismiss the case and discharge the defendant;* and this shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. *The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.*" (Italics ours.)

9.95.240 and one appearing simply as a witness who has also satisfied those requirements.

In *People v. Mackey*, 58 Cal. App. 123, 208 P. 135 (1922), the court construed an expungement statute identical to ours, but without a proviso, so as to prohibit use of a dismissed conviction in any instance, the court saying at pages 129 and 131:

> The language . . . is so strong and direct that it may destroy the right to impeach convicted felons who have been discharged after probation, . . . no convicted person discharged after probation thenceforth should be regarded as one possessed of the degree of turpitude likely to affect his credibility as a witness.

In 1927 the California legislature added its proviso reading as follows: [3]

> *provided*, that in any subsequent prosecution of *such defendant* for any other offense such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.

(Italics ours.) The statute was again construed in *People v. James*, 40 Cal. App. 2d 740, 747, 105 P.2d 947 (1940), where the State sought to impeach the defendant James with a prior conviction which had later been dismissed under the statute. The court approved this impeachment because of the addition of the proviso, and said:

> It is apparent that the amendment in 1927 of this section operates to reinstate all penalties and disabilities "in any subsequent prosecution of such defendant for any other offense" and is a qualification of the first portion of the section. It seems highly probable that by the amendment to this section after the decision in *People v. Mackey*, *supra*, the legislature intended to broaden the section in its application and particularly provided that in any subsequent *prosecution* of the defendant prior convictions may be pleaded and proved.

We believe our legislature followed the lead of the California legislature in enacting RCW 9.95.240 and

---

[3] California Laws of 1927, Ex. Sess., ch. 770, pp. 1493-96.

intended that *all adverse consequences* of a conviction, including impeachment by the use thereof, were to be expunged except as limited by the proviso to subsequent prosecutions of the same defendant. The omission by our legislature of the words "of such defendant" in RCW 9.95.240 means little since the words are implicit, and we hold the Washington legislature intended to restrict the use of prior convictions for impeachment purposes to defendants in subsequent prosecutions just as did the California legislature. When so read, the proviso or exception is construed strictly; when a statute provides for certain exceptions, no other exceptions will be assumed by implication. *Hall v. Corporation of Catholic Archbishop*, 80 Wn.2d 797, 498 P.2d 844 (1972); *Insurance Co. of North America Cos. v. Sullivan*, 56 Wn.2d 251, 352 P.2d 193 (1960). Moreover, RCW 9.95.240, being a remedial statute should be construed liberally so as to give effect to its purpose, 2A *Sutherland Statutory Construction* § 57.12 (3d ed. rev. 1973), that is, to treat an individual whose conviction has been expunged as a full-fledged citizen unless the statute clearly intends to preserve some taint of the conviction.

The growing disenchantment with the use of convictions for impeachment purposes is evidenced by the newly adopted Federal Rule of Evidence 609, 28 U.S.C.A. 283 (1975), with particular reference to 609(c).[4] Lest we be misunderstood, however, our decision is based upon a construction of the statute and not upon an attempt to reflect the trend.

█ Defendant's cross-appeal, claiming that it was error to charge in the information that the defendant "prevented

---

[4]Federal Rule of Evidence 609(c), 28 U.S.C.A. 284 (1975) provides:

"Effect of pardon, annulment, or certificate of rehabilitation. Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence."

*and* resisted" when the statute reads "prevent *or* resist" verges on the frivolous; if anything, the State increased its burden in so charging. The jury was instructed in the language of the information and returned its verdict accordingly. A statute which sets out alternative means of committing a crime in the disjunctive may be pleaded or charged in the conjunctive if a single offense may be committed in several ways which are not repugnant to each other. *State v. Dixon*, 78 Wn.2d 796, 479 P.2d 931 (1971); *State v. Metcalf*, 14 Wn. App. 232, 540 P.2d 459 (1975). In our view the better practice would be to charge in the language of the statute, *i.e.*, in the disjunctive.

We affirm and remand for new trial.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied November 24, 1975.

Review denied by Supreme Court January 20, 1976.