[No. 5835–1.   Division One.   September 25, 1978.]

JOHN B. BLEVINS, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Respondents.*

*William J. Van Natter,* for appellant.

*Slade Gorton, Attorney General, Kirk I. Mortensen, Assistant, Perkins, Coie, Stone, Olsen & Williams,* and *M. Margaret McKeown,* for respondents.

RINGOLD, J.—On September 5, 1969, John B. Blevins sustained an industrial injury while working at the Boeing Company. Subsequently the Department of Labor and Industries closed his insurance claim, awarding him 35 percent of the maximum allowable for unspecified disabilities. Blevins appealed to the Board of Industrial Insurance Appeals (Board), which increased the award to 60 percent of the maximum allowable for unspecified disabilities. From this order Blevins appealed and Boeing cross–appealed to the Superior Court.

Trial by jury based upon the record of proceedings before the Board resulted in an award of 50 percent of the maximum allowable for unspecified disabilities. During trial, the jury heard cross–examination of Blevins concerning his guilty plea to a 1973 charge of grand larceny arising from fraudulent receipt of welfare funds. He had received a deferred sentence and, upon successful completion of probation conditions, was allowed to change his plea to not guilty and the charges were thereafter dismissed pursuant to RCW 9.95.240.[1] Based upon this statute, Blevins appeals

---

[1] RCW 9.95.240 states:

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty

the verdict in the current action arguing that the court erred in failing to strike the testimony concerning his previous conviction from consideration of the jury. We agree and reverse.

■ The singular issue presented by this appeal is whether the credibility of a witness, not a defendant in a criminal prosecution, may be impeached through cross-examination concerning a previous criminal conviction which has been dismissed pursuant to RCW 9.95.240. In *State v. Walker,* 14 Wn. App. 348, 541 P.2d 1237 (1975), Division Two addressed this question and concluded that the legislature in enacting RCW 9.95.240 intended that all adverse consequences of a dismissed conviction, including impeachment thereby, were expunged with one exception. Comparing the history of an identical California statute with RCW 9.95.240, the court reasoned that by specifically providing that a conviction dismissed pursuant to RCW 9.95.240 could be used only in a subsequent criminal prosecution against the same defendant, the statute prohibited any other use.

> [W]e hold the Washington legislature intended to restrict the use of prior convictions for impeachment purposes to defendants in subsequent prosecutions just as did the California legislature. When so read, the proviso or exception is construed strictly; when a statute provides for certain exceptions, no other exceptions will be assumed by implication. *Hall v. Corporation of Catholic Archbishop,* 80 Wn.2d 797, 498 P.2d 844 (1972); *Insurance Co. of North America Cos. v. Sullivan,* 56 Wn.2d 251, 352 P.2d 193 (1960). Moreover, RCW 9.95.240, being a remedial statute should be construed liberally so as to

---

and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right in his probation papers: *Provided,* That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed."

give effect to its purpose, 2A *Sutherland Statutory Construction* § 57.12 (3d ed. rev. 1973), that is, to treat an individual whose conviction has been expunged as a full-fledged citizen unless the statute clearly intends to preserve some taint of the conviction.

*State v. Walker, supra* at 353.

Applying this reasoning to the case at hand, we conclude that the conviction dismissed pursuant to RCW 9.95.240 could not be used to impeach Blevins' credibility as a witness in a civil case.

*Tembruell v. Seattle,* 64 Wn.2d 503, 510, 392 P.2d 453 (1964) provides another analysis of the issue leading to the same conclusion. Reasoning that a judgment without a sentence is not a conviction, the court concluded that

[A] plea of guilty to grand larceny, coupled with . . . [an] award of probation and the subsequent dismissal of the information, do not add up to a conviction of felony within the intendments of the police pension statute (RCW 41.20.110), even though this sequence of events might be specially considered by the court as a prior conviction in a later criminal action. RCW 9.95.240. The entry of a plea of guilty is a formal admission that the defendant committed the acts or allowed the omission charged and that the acts or omissions described constitute a crime. But the entry of a plea of guilty, standing alone, unless specially made so by statute does not constitute a conviction. In many situations not pertinent to this discussion, a plea of guilty may be withdrawn, or vacated, or set aside before judgment, in which case it could not be said to be a conviction.

The plea of guilty does not mature, then, into a conviction until there has been an adjudication of guilt by the court in a juridical sense, that is, until a court of competent jurisdiction has formally pronounced the accused to be guilty, and the judgment does not become final, *i.e.,* a final determination of the rights of the parties in the action, until sentence has been passed in and as a part of the judgment.

The imposition of sentence in the judgment of guilty is the ultimate ingredient, imparting finality to the judgment so as to make the judgment and sentence appealable.

Although *Tembruell* involved rights under RCW 41.20.110, the reasoning that a dismissal pursuant to RCW 9.95.240 is not a conviction except in a subsequent criminal prosecution of the same defendant remains totally sound and is an independent basis for our conclusion that it is not a conviction for the purposes and applicability of RCW 5.60.040.[2]

Respondents rely on *State v. Johnson,* 12 Wn. App. 548, 530 P.2d 662 (1975) and *State v. Knott,* 6 Wn. App. 436, 493 P.2d 1027 (1972) for the proposition that in Washington a conviction may be shown to impeach a witness regardless of whether a deferred sentence is imposed. The court in *Walker,* at 350–51, carefully considered and distinguished these cases. For the reasons set forth in *Walker* these cases are not applicable here. To the extent these cases conflict with *Walker,* they have been overruled.

Reversed and remanded for a new trial.

WILLIAMS and DORE, JJ., concur.

---

[2]RCW 5.60.040 states in relevant part:

"No person offered as a witness shall be excluded from giving evidence by reason of conviction of crime, but such conviction may be shown to affect his credibility . . ."