2015 OCT -5 AM 11: 41



## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 72704-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MICHAEL LAWRENCE COSTA, | ) | |
| | ) | |
| Appellant. | ) | FILED: October 5, 2015 |
| | ) | |

LEACH, J. — Michael Costa appeals the trial court's order dismissing his misdemeanor conviction because the order did not include certain language Costa proposed that stated some legal consequences of the order. Because the trial court did not abuse its discretion in deciding not to include that language, we affirm.

## FACTS

The State charged Michael Costa with possession of depictions of a minor engaged in sexually explicit conduct in the second degree in 2013.[1] Costa agreed to plead guilty to two counts of attempted possession, a gross misdemeanor.[2] His sentence included a probationary term of four years, the sum

---

[1] RCW 9.68A.070.
[2] RCW 9.68A.070; RCW 9A.28.020.

of two consecutive two-year deferred sentences.[3] It required him to complete a sexual deviancy program and pay financial obligations. In September 2014, the trial court determined that Costa had completed his sentence requirements. The trial court said it would permit Costa to withdraw his guilty plea and enter a plea of not guilty and it would dismiss the case with prejudice.

Costa's proposed order stated that he was "released from all penalties and disabilities resulting from the offense," quoting RCW 9.95.240(1). His proposed order also included a footnoted quotation from State v. Breazeale[4] intended to clarify this language. The State objected to these provisions. It

_____

[3] The trial court imposed this deferred sentence under the probation act, RCW 9.95.200 and RCW 9.95.210. The State acknowledges that the trial court likely erred in deferring Costa's sentence for longer than the 24 months allowed under RCW 9.95.210 but contends that the issue is moot because the court dismissed the conviction after only 13 months. Costa does not raise the issue here.

[4] That quotation read,

"This court has interpreted the language . . . 'released from all penalties and disabilities,' to mean that a person who has been granted dismissal under RCW 9.95.240 is entitled to assert that he or she has never been convicted. In re Discipline of Stroh, 108 Wn.2d 410, 417-18, 739 P.2d 690 (1987). RCW 9.95.240 'is a legislative expression of public policy . . . [that] a deserving offender [is restored] to his [or her] preconviction status as a full-fledged citizen.' Matsen v. Kaiser, 74 Wn.2d 231, 237, 443 P.2d 843 (1968) (Hamilton, J., concurring). The Legislature intended to prohibit all adverse consequences of a dismissed conviction, with the one exception of use in a subsequent criminal conviction but with no additional implied exceptions. Blevins v. Dep't of Labor & Indus., 21 Wn. App. 366, 368, 584 P.2d 992 (1978); State v. Walker, 14 Wn. App. 348, 541 P.2d 1237 (1975)."

Clerk's Papers at 23 n.1 (order permitting withdrawal of plea) (alterations in original) (quoting 144 Wn.2d 829, 837-38, 31 P.3d 1155 (2001)).

contended that RCW 9.95.240 does not apply to misdemeanors and that the inclusion of the language would amount to a vacation of Costa's conviction. The State argued that Costa can only obtain a vacation through RCW 9.96.060, which specifically applies to misdemeanor convictions. Costa concedes he is ineligible for vacation under RCW 9.96.060.

The trial court held a hearing on the matter in October 2014. At the hearing, Costa argued that RCW 9.95.240 should apply to him because it is more specific than RCW 9.96.060 and RCW 9.96.060 did not repeal or limit RCW 9.95.240. He asserted that an order releasing him from "all penalties and disabilities" was not the same as a vacation. He represented that under Breazeale, his requested language would allow him to state on an employment application that he had never been convicted of the crime.[5] The State repeated that dismissal with the requested language would be identical to vacation and that RCW 9.95.240(1) no longer entitles a defendant to automatic release from all penalties and disabilities upon dismissal of a deferred sentence because RCW 9.96.060 now exclusively governs vacation of misdemeanors.

The trial court judge said he could not harmonize RCW 9.95.240(1) with RCW 9.96.060. He entered an order without the requested language. Costa appeals the form of the dismissal order.

---

[5] See Breazeale, 144 Wn.2d at 837-38.

-3-

STANDARD OF REVIEW

For trial courts exercising proper jurisdiction, "if the course of proceeding is not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws."[6] We thus review the trial court's choice of language in Costa's dismissal order for abuse of discretion.

ANALYSIS

The trial court sentenced Costa under the probation act, RCW 9.95.200 and RCW 9.95.210. RCW 9.95.240(1) provides,

> Every defendant . . . who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he or she has been convicted be permitted in the discretion of the court to withdraw his or her plea of guilty and enter a plea of not guilty . . . . [T]he court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he or she has been convicted."

Costa and the State debate the continued meaning of RCW 9.95.240(1) in its convoluted statutory setting. Dissatisfied with the form of dismissal order the trial court entered, Costa asserts RCW 9.95.240(1) both mandates that he "be released from all penalties and disabilities resulting from the offense" and entitles him to the inclusion of that language in the trial court's order dismissing his

---

[6] RCW 2.28.150.

-4-

conviction. He asks this court to remand to the trial court with instructions to enter an order with the language Costa proposed. Failing that, Costa asks this court to remand for reconsideration with this court's interpretation of RCW 9.95.240(1). Costa asserts that "[i]t makes no sense to legislate [that a defendant 'be released from all penalties and disabilities resulting from the offense'] and then leave it to the discretion of the Court whether to include the mandatory consequence of the dismissal in the order."

The State responds that in light of subsequent legislation, RCW 9.95.240(1) no longer releases a defendant from all penalties and disabilities. We do not decide RCW 9.95.240(1)'s proper interpretation because we agree with the State's second assertion: that even if RCW 9.95.240(1) releases a defendant from all penalties and disabilities, nothing requires the trial court to include the language Costa requests in a dismissal order.

As the State contends, the trial court acted within its discretion in declining to include Costa's proposed language in the dismissal order. Where, as here, "the course of proceeding is not specifically pointed out by statute," the trial court may use "any suitable process or mode of proceeding . . . which may appear most conformable to the spirit of the laws."[7] And "[w]here no authorities are cited in support of a proposition, the court is not required to search out authorities, but

---

[7] RCW 2.28.150.

may assume that counsel, after diligent search, has found none."[8] Costa does not cite any legal authority mandating that a trial court include particular language in a dismissal order.

Because Costa provides no such authority, we assume none exists.[9] Thus, under RCW 2.28.150, the trial court acted within its discretion when it determined the form of the dismissal order. We affirm.

Leach, J.

WE CONCUR:

_____

_____

---

[8] DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).
[9] See DeHeer, 60 Wn.2d at 126.