[No. 7216–1–I.   Division One.   March 10, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. LYNN CARROLL BROOKS, *Appellant.*

*Gilbert H. Levy* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Margery J. Hite, Deputy,* for respondent.

JAMES, J.—Lynn Carroll Brooks was convicted of first-degree robbery and of unlawful possession of a firearm. The jury by special verdict found that he was armed with a deadly weapon during commission of the robbery. We reverse.

Brooks was charged with the robbery of a neighborhood grocery. The evidence against him included the inculpatory testimony of Joseph Macklin, a codefendant who had earlier pleaded guilty. Macklin had also been charged with first-degree robbery while armed with a deadly weapon. As part of a plea bargain agreement, he agreed to testify against Brooks and plead guilty to the robbery charge in return for a certain sentencing recommendation and the dropping of the deadly weapon allegation.

Defense counsel cross-examined Macklin concerning the terms of his plea bargain agreement with the State. When he sought to inquire about the specific legal effect of a deadly weapon finding (*i.e.,* 5-year mandatory minimum term if sentenced to prison, pursuant to RCW 9.95.040(1)), the State's objection was sustained.

■ Brooks contends the trial judge committed reversible error when he restricted cross-examination of Macklin. We agree. Great latitude must be allowed in cross-examining a key prosecution witness, particularly an accomplice who has turned State's witness, to show motive for his testimony. *State v. Tate,* 2 Wn. App. 241, 469 P.2d 999 (1970); *State v. Kimbriel,* 8 Wn. App. 859, 510 P.2d 255 (1973). The right of cross-examination allows more than the asking of general questions concerning bias; it guarantees an

opportunity to show specific reasons why a witness might be biased in a particular case. *Davis v. Alaska,* 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974).

Here, the dropping of the deadly weapon allegation pursuant to the plea bargain agreement obviated a mandatory 5-year minimum term for Macklin if he were sentenced to prison. The jury was entitled to consider that evidence in weighing Macklin's credibility.

We therefore do not consider Brooks' second claim of error.

Reversed and remanded for a new trial.

CALLOW, C.J., and DORE, J., concur.

Reconsideration denied April 4, 1980.

Review denied by Supreme Court June 20, 1980.