[No. 4032–II.   Division Two.   August 8, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. MARK EDWARD PICKENS, *Appellant.*

*Ben Shafton,* for appellant.

*Roger A. Bennett,* for respondent.

PEARSON, A.C.J.—Mark Pickens was convicted of two counts of first degree statutory rape and one count of second degree statutory rape. He appeals those convictions, making essentially two assignments of error. First, he alleges the court erred in failing to instruct the jury that they must find the act charged in count 2 occurred at a particular time mentioned by the victim. One witness refused to submit to potentially incriminating cross–examination concerning his possible self–interest in cooperating with the State. Defendant's second allegation is that he was denied his Sixth Amendment right to confront this witness, and that the testimony should have been stricken. Although we find no error in the instructions, we agree that the confrontation clause was violated and reverse Pickens' conviction on count 1. The challenged testimony did not, however, corroborate the other counts; thus we affirm those convictions.

In 1978 defendant was 18 and lived with his mother and seven brothers and sisters, who ranged in age between 7 and 15 years. In August of that year three of defendant's sisters and a brother reported to Vancouver police that def ndant had committed numerous acts of incest. Count 1

charged that defendant had sexual intercourse with his sister, victim A.[1] Count 2 charged sexual intercourse with victim B "on or about the latter part of August, 1978," and count 3 charged sexual intercourse with victim C. All three girls testified they had sexual relations with defendant on numerous occasions, and that each of them had on occasion seen defendant having sexual intercourse with one of the other sisters.

Defendant's 11–year–old brother John[2] was called by the State and testified that he had seen Mark and victim A having sexual intercourse. The defense indicated a desire to cross–examine John concerning his possible sexual relations with his sisters to show that he might be under pressure to cooperate with the authorities. The court appointed counsel to represent John, and the boy decided he would invoke his Fifth Amendment privilege. The court ruled that John could not be cross–examined on this issue and denied a defense motion to strike John's testimony. The defendant testified, denied sexual contact with his sisters, and asserted an alibi defense. The jury found defendant guilty and he was sentenced on each of the three counts.

█ The court instructed the jury that to find defendant guilty of first degree statutory rape against victim B as charged in count 2, they must find that sexual intercourse occurred between August 15 and August 31, 1978. Victim B testified that the last time she had intercourse with defendant was 5:30 p.m. on the day before the group went to the police, August 29, 1978. Defendant testified that on August 29 he left the house about 1 p.m. to apply for a job and got a ride to the interview with a neighbor. He indicated that his sisters were not at home when he returned and that they did not get home until after his mother arrived back from work. Defendant asserts that since victim B testified they had intercourse on the 29th, the jury

---

[1]Names of each of the victims will not be used.

[2]Not the witness' true name.

should have been instructed to find that the crime occurred on that date or not at all. Victim B testified, however, that August 29 was her recollection of the most recent time the act occurred, and that she had intercourse with her brother once or twice a week. This was continuing criminal activity and not an isolated incident. It is only when the witness fixes "the *exact time* when the act charged was committed, and the defense is an alibi" that the jury should be instructed to determine whether the act occurred at that particular time. (Italics ours.) *State v. Coffelt,* 33 Wn.2d 106, 109, 204 P.2d 521 (1949), quoting from *State v. Severns,* 13 Wn.2d 542, 560, 125 P.2d 659 (1942).

■ Defendant's second assignment of error concerns the testimony of his brother John. Defendant was unable to cross–examine this witness concerning the possibility that he was also subject to prosecution for incestuous relations with his sisters. A defendant has a right to cross–examine the State's witness concerning possible self–interest in cooperating with the authorities. *State v. Robbins,* 35 Wn.2d 389, 213 P.2d 310 (1950). Further, the court may violate the confrontation clause if it prevents the defense from placing facts before the jury from which such bias or prejudice may be inferred. *Davis v. Alaska,* 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974); *State v. Brooks,* 25 Wn. App. 550, 611 P.2d 1274 (1980). In *Davis* the defense sought to question a key prosecution witness concerning the fact that he was on probation as a juvenile offender and thus could be under pressure from the police. The trial court disallowed this cross–examination to protect the secrecy of the juvenile record. The Supreme Court reversed, holding that defendant's Sixth Amendment right was violated as he was unable to establish the factual record necessary to argue his bias theory in the instant case the defendant was also unable to cross–examine the witness concerning the specific reasons for his possible bias.

Although the defendant's confrontation right was denied here, the court still cannot require the testimony and deny the witness' privilege against self–incrimination. *United*

*States v. LaRiche,* 549 F.2d 1088 (6th Cir. 1977). In *United States v. Cardillo,* 316 F.2d 606 (2d Cir. 1963) the court recognized that if a prosecution witness refuses to submit to cross–examination, it may be necessary for the court to strike all or part of his testimony. Since the evidence sought by the defense was related to the crime charged and did not concern purely collateral criminal activity, and since there was no other basis in the record from which the defense could have argued the possible bias, the court erred in refusing to strike the testimony. *See Davis v. Alaska, supra; United States v. Stephens,* 492 F.2d 1367 (6th Cir. 1974); *United States v. Cardillo, supra.*

The court's error, however, relates only to defendant's conviction on count 1. The witness did not testify extensively, and did not mention sexual contact between defendant and victims B and C. He testified that he witnessed sexual intercourse between defendant and victim A. The only other substantive element of the witness' testimony tended to corroborate defendant's alibi as to count 3. The evidence against the defendant was considerable, and since the witness did not implicate defendant on counts 2 and 3, any error relative to those counts was harmless beyond a reasonable doubt. *See United States v. Price,* 577 F.2d 1356 (9th Cir. 1978).

Defendant's conviction on count 1 is reversed and his convictions on counts 2 and 3 are affirmed.

PETRIE and PETRICH, JJ., concur.

Reconsideration denied September 18, 1980.

Review denied by Supreme Court November 7, 1980.