[Nos. 18159-6-III; 18160-0-III.   Division Three.   February 22, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. RANDY
BREAZEALE, ET AL., *Appellants*.

*Dennis W. Morgan*, for appellants.

*Christine O. Gregoire, Attorney General*, and *Kimberly J. Cox, Assistant*, for respondent.

SWEENEY, J. — We reverse a superior court order denying a motion to hold the Washington State Patrol in contempt for defying the court's order to expunge decades-old criminal records. Both appellants were convicted, and their convictions dismissed, before implementation of the Sentencing Reform Act of 1981 (SRA). Trial judges are authorized to expunge criminal records for pre-SRA convictions under RCW 9.95.240, and for post-SRA convictions under RCW 9.94A.230. The SRA version of the statute

permits the court to *vacate* the information; the pre-SRA statute permits *dismissal* of the information. This, the State contends, precludes the court from sealing pre-SRA conviction records. We, however, can discern no functional or practical distinction between the two statutes, at least as applied to Randy Breazeale and Sheila Berlanga-Hernandez. We conclude that both statutes authorize sealing of criminal records and narrowly limit their future use, notwithstanding an arguably contrary provision of the Washington State Criminal Records Privacy Act, RCW 10.97.030.

We therefore reverse the ruling of the trial court that it did not have statutory authority to "expunge" these records and remand with directions to seal the records of the criminal convictions in both cases. We also remand for consideration of sanctions for the Washington State Patrol's willful disregard of the court's original order directing that the records be expunged.

## FACTS

Breazeale: Mr. Breazeale was convicted by jury in 1976 of second degree burglary. His sentence was deferred and he was given 90 days in jail and placed on 36 months' probation. The judgment and sentence provided that, at the end of 36 months, Mr. Breazeale could petition the court for a dismissal of the action. On April 23, 1979, the court dismissed his conviction. The order of dismissal sets aside the finding of guilt and permits Mr. Breazeale to enter a plea of "Not Guilty"; the "cause" is "dismissed and the defendant is discharged from further attendance herein and is *released from all penalties and disabilities* resulting from the filing of said charge." (Emphasis added.)

In 1998, Mr. Breazeale asked the Washington State Patrol (WSP) to expunge the record from its files. The WSP refused. So in August 1998, Mr. Breazeale filed a motion in superior court to "vacate" the sentence. The court entered an order vacating the sentence pursuant to RCW 9.94A-.230(1).

The WSP responded to the superior court's order by letter to the judge, declining the court's "request" to vacate the record. The WSP agreed to note the dismissal in its records, but explained: "this update is not defined as a finding favorable to the defendant and will be disseminated to outside agencies, employers or others."

Berlanga-Hernandez: Ms. Berlanga-Hernandez pleaded guilty to forgery in November 1976. She also received a deferred sentence. Following satisfactory completion of a 24-month probation, the court entered an order of dismissal pursuant to RCW 9.95.240 on September 25, 1978.

On October 18, 1996, the superior court ordered expungement of her criminal record. She submitted the order to the WSP. The agency responded on June 18, 1997, by declining to comply with her "request" for expungement. The WSP advised Ms. Berlanga-Hernandez to obtain an order "vacating" the sentence, pursuant to RCW 9.94A.230. Accordingly, Ms. Berlanga-Hernandez sought an order to vacate the sentence. On August 3, 1998, the superior court entered the order.

When she presented the order to the WSP, its response again was a letter to the superior court declining to comply with its "request."

Both Breazeale and Berlanga-Hernandez: On October 26, 1998, both Mr. Breazeale and Ms. Berlanga-Hernandez moved for an order for the WSP to show cause why it should not be held in contempt for failing to obey the court order. A telephonic hearing was held on November 23, 1998. The WSP defended on two grounds: (1) lack of in personam jurisdiction because it was not made a party to the action seeking vacation; and (2) lack of judicial authority to expunge the records. Mr. Breazeale and Ms. Berlanga-Hernandez filed a joint response.

The court filed a memorandum opinion and order accepting the WSP's position and denying relief. Mr. Breazeale and Ms. Berlanga-Hernandez appeal and assign error to the court's conclusions that it has neither statutory autho-

rization nor inherent power to expunge the records, and that the WSP was not guilty of contempt.

## DISCUSSION

We hold that the superior court had jurisdiction over the parties and of the subject matter, and that the court had both statutory and inherent power to order these records sealed.

### I
#### CAN THE WSP BE HELD IN CONTEMPT FOR DEFYING THE COURT'S ORDER TO EXPUNGE THE RECORDS?

Mr. Breazeale and Ms. Berlanga-Hernandez invoke the constitutional power of the court, as distinguished from the WSP's administrative authority. Under WAC 446-20-130 and -140, an individual can directly petition the WSP in an administrative proceeding to purge or modify incorrect information in its files. The WSP may refuse, in which case the individual can appeal to the superior court. After a hearing, the court "may order such relief as it finds to be just and equitable." RCW 43.43.730(1). The WSP would necessarily be a party to such an administrative appeal.

The WAC also permits an individual to challenge the accuracy or completeness of his or her record administratively by submitting a written *request* to the WSP. WAC 446-20--130. The WSP makes the final determination. WAC 446--20-140. If the WSP declines to purge or modify, it informs the individual in writing, giving its reason for refusing the request and informing the person about the procedures for review. WAC 446-20-140(b).

These administrative regulations may explain the WSP's startling misapprehension that an order of the superior court may be dismissed in a polite but firm letter beginning: "Please be advised that we are unable to comply with your request . . . ." Administrative provisions do not make the WSP immune to an order of the court resulting from an independent judicial proceeding.

A. Personal Jurisdiction.

The State first contends that personal jurisdiction is lacking because the WSP was not made a party to the motion and order to seal. Failure to make the WSP a party did not place it beyond the jurisdiction of the superior court.

■ The WSP failed with the same argument in *State v. T K.*, 94 Wn. App. 286, 971 P.2d 121, *aff'd*, 139 Wn.2d 320, 987 P.2d 63 (1999). That case involved RCW 13.50.050(12), the statute permitting the court to seal juvenile records. This statute expressly requires that the custodian of the records receive notice of the motion. Nevertheless, Division One held that, unlike a statutory requirement for joinder, a statutory requirement for notice is *not* a prerequisite to the court's power to grant the motion. *Id.* at 291-92.

Here, the relevant statutes contain no nonparty notice requirement. The court had in personam jurisdiction.

B. Subject Matter Jurisdiction.

The State next contends the court lacked subject matter jurisdiction because it had neither statutory nor inherent power to order the records sealed.

1. *The court has statutory authority to expunge the records.*

The relevant statutes are the pre-SRA RCW 9.95.240 and the SRA RCW 9.94A.230. RCW 9.95.240 provides:

> [Upon successful completion of probation, a defendant may] be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. . . . PROVIDED, That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.

RCW 9.94A.230 provides:

[Upon discharge, conditional on good conduct and passage of time as set out in (2)] the court may clear the record of conviction by: (a) Permitting the offender to withdraw the offender's plea of guilty and to enter a plea of not guilty; or (b) if the offender has been convicted after a plea of not guilty, by the court setting aside the verdict of guilty; and (c) by the court dismissing the information or indictment against the offender.

. . . .

(3) Once the court vacates a record of conviction . . ., the fact that the offender has been convicted of the offense shall not be included in the offender's criminal history for purposes of determining a sentence in any subsequent conviction, and the offender shall be released from all penalties and disabilities resulting from the offense. For all purposes, including responding to questions on employment applications, an offender whose conviction has been vacated may state that the offender has never been convicted of that crime. Nothing in this section affects or prevents the use of an offender's prior conviction in a later criminal prosecution.

■ The State takes the position that release from all penalties and disabilities resulting from the offense means something different when a conviction is "dismissed" under the pre-SRA statute than when it is "vacated" under the SRA version. According to this view, only records of "vacated" convictions can be sealed; those that are merely set aside and dismissed remain permanently publicly accessible. Mr. Breazeale and Ms. Berlanga-Hernandez contend that such a reading violates the equal protection guaranties of article I, section 12 of our constitution. Because we resolve the issue by statutory interpretation, we do not reach the constitutional analysis. *Tropiano v. City of Tacoma*, 105 Wn.2d 873, 877, 718 P.2d 801 (1986).

We can resolve this case by reading these statutes in the way intended by the Legislature. Both appear calculated to do the same thing—seal records of conviction for some purposes, i.e., employment, law enforcement, while preserving them for future criminal prosecutions.

■ We begin our analysis by defining "expungement." Expungement of a record is a "[p]rocess by which the record of a criminal conviction is destroyed *or sealed*[.]" BLACK'S LAW DICTIONARY 582 (6th ed. 1990) (emphasis added).

Mr. Breazeale and Ms. Berlanga-Hernandez want their criminal history records "expunged" for employment purposes. But the only possible relief here is sealing, not destruction of these records. This is because both the pre-SRA version and the SRA version of the expungement statute authorize the prior convictions to be used in future prosecutions. Under either statute, therefore, the record must be retained. This is consistent with the superior court rules, by which a motion to delete a record is treated as a motion to seal. GR 15(b)(1).[1]

Given this definition of expungement, further comparison of these two statutes reveals very little practical or functional difference as applied here. Both statutes permit the offender to withdraw a plea of guilty and to enter a plea of not guilty. Both permit the court in its discretion to set aside the verdict of guilty. Both permit the court to dismiss the information or indictment. Both release the offender from all penalties or disabilities resulting from the offense. And both statutes eliminate all adverse consequences of the conviction except for the State's retained option to plead and prove the conviction in a subsequent prosecution.

With respect to RCW 9.95.240, this exception is strictly construed. *All* adverse consequences of conviction are expunged except as expressly limited by the proviso. *In re Discipline of Stroh*, 108 Wn.2d 410, 417-18, 739 P.2d 690 (1987) (defendant dismissed under RCW 9.95.240 is entitled to assert he has never been convicted). No other exceptions will be assumed by implication. *State v. Walker*, 14 Wn. App. 348, 353, 541 P.2d 1237 (1975). The individual whose conviction has been expunged is to be treated as a full-

---

[1]GR 15(b)(1) provides in part: "A motion or order to delete, purge, remove, excise, or erase shall be treated as a motion or order to seal."

fledged citizen unless the statute clearly intends to preserve some taint of the conviction. *Blevins v. Department of Labor & Indus.*, 21 Wn. App. 366, 368-69, 584 P.2d 992 (1978). Under RCW 9.95.240, the court can make the records available solely to authorized law enforcement agencies, and not to prospective employers. *Monroe v. Tielsch*, 84 Wn.2d 217, 233, 525 P.2d 250, 71 A.L.R.3D 736 (1974) (Finley, J., concurring in part and dissenting in part).

The SRA provision, RCW 9.94A.230(3), uses the word "vacate" when referring to the use of the record of conviction, and the pre-SRA RCW 9.95.240 simply provides for "dismissal." But it is difficult to divine any practical difference. To "vacate" is to annul, set aside, cancel or rescind; to render an act void, as in "to vacate an entry of record, or a judgment." BLACK'S LAW DICTIONARY 1548 (6th ed. 1990). A "dismissal" is an order or judgment finally disposing of an action without trial of the issues involved. *Id.* at 469.

Recently, Division Two of this court noted that the effect of a voluntary dismissal " 'is to render the proceedings a nullity and leave the parties as if the action had never been brought.' " *Beckman v. Wilcox*, 96 Wn. App. 355, 359, 979 P.2d 890 (1999) (quoting *Bonneville Assocs., Ltd. P'ship v. Barram*, 165 F.3d 1360, 1364 (Fed. Cir.), *cert. denied*, 528 U.S. 809, 120 S. Ct. 40, 145 L. Ed. 2d 37 (1999)), *review denied*, 139 Wn.2d 1017 (2000).

We fail to see the basis for the State's proposed distinction between to annul, set aside, cancel or rescind, and to render the proceeding a nullity and leave the parties as if the action had never been brought.

Professor David Boerner also suggests that the SRA version of the statute was intended to operate in much the same fashion as the pre-SRA version. "Vacation operates to 'clear the record of conviction' in the same manner as did the Probation Act" (RCW 9.95.240). DAVID BOERNER, SENTENCING IN WASHINGTON 11-7 (1985). The use of the conviction in a subsequent prosecution, in his judgment, "continues the policy expressed in the Probation Act and under various federal criminal statutes." BOERNER, *supra*, at 11-8

(footnote omitted). The comments of the Sentencing Guidelines Commission also reflect the same policies:

> "This vacation of the conviction is analogous to the dismissal obtained under RCW 9.95.240 [deferred sentence] in that while it cannot be used for impeachment purposes under ER 609(c), it can be pleaded and proved as an element of a crime in a later prosecution . . . ."

BOERNER, *supra*, at 11-8 (quoting SENTENCING GUIDELINES IMPLEMENTATION MANUAL, II-21 (1984)). "While it is certainly arguable that the language 'Nothing in this section affects or prevents the use of an offender's prior conviction in a later prosecution' means *any* use, it appears likely that courts, applying the rule of lenity, will find that a vacation does preclude impeachment by a vacated conviction." BOERNER, *supra*, at 11-8 (emphasis added) (footnote omitted).

The State suggests, nonetheless, that the application may differ depending upon some unanticipated future use. But our decision here certainly cannot, and does not, foreclose future judicial scrutiny of other applications of either statute.

██ In sum then, the court here had the authority under RCW 9.95.240 to seal the records of Mr. Breazeale and Ms. Berlanga-Hernandez.

*2. RCW 10.97 does not deprive the court of statutory authority to seal these records.*

When statutes are mutually inconsistent or contradictory, we construe the ambiguity in favor of the criminal defendant under the rule of lenity. *State v. Adel*, 136 Wn.2d 629, 634-35, 965 P.2d 1072 (1998) (citing *Bell v. United States*, 349 U.S. 81, 84, 75 S. Ct. 620, 99 L. Ed. 905 (1955)).

The first question is whether the language of RCW 10.97.030(4) ("a dismissal entered after a period of probation, suspension, or deferral of sentence") includes those convictions which the court expunges pursuant to RCW 9.95.240. Clearly, it does.

The Washington State Criminal Records Privacy Act (RCW 10.97) exempts conviction records from its protections. "Conviction record" includes any "disposition adverse to the subject." RCW 10.97.030(3). In turn, "disposition adverse to the subject" includes "a dismissal entered after a period of probation, suspension, or deferral of sentence." RCW 10.97.030(4). This clearly excludes convictions dismissed pursuant to RCW 9.95.240 from the protections of the Privacy Act.

However, the expungement provisions of both RCW 9.94A.230 and RCW 9.95.240 contain language releasing the defendant "from all penalties and disabilities" with the single exception of use in future prosecutions. These statutes thus express clear legislative intent to prohibit dissemination of criminal history for certain reasons, i.e., employment, housing, etc., while retaining it for use in future prosecutions. This laudable purpose—rewarding defendants who remain crime free and who care enough to want their criminal convictions expunged—would be defeated if the WSP retained the authority to disseminate evidence of arrests and convictions indefinitely.

If the WSP retains the authority to maintain the conviction records as an open record, and to disseminate it to employers, landlords, creditors, and others, then the courts effectively lose their authority to relieve the defendant "from all penalties and disabilities resulting from the offense." And both the purpose and letter of the statute are lost.

We therefore conclude that, despite the contrary language of RCW 10.97.030(4), the court has the authority under RCW 9.95.240 to order these criminal records expunged.

3. *The court has inherent power to order the records sealed.*

Finally, the State contends the court has no inherent power to seal criminal records independent of express statutory authority. It relies primarily on *State v. Gilkin-*

*son.*[2] There, a criminal defendant received a deferred sentence following a plea of guilty in 1983. He successfully completed probation. In 1987, relying on RCW 10.97.060, the trial court ordered the WSP and other state agencies to expunge his records. The WSP appealed, arguing as it does here, that RCW 10.97.060 does not authorize the court to expunge records of an adverse disposition. Division Two agreed with the WSP, holding that Washington courts have neither statutory nor inherent power to delete records of criminal history. The court reasoned that the disposition of criminal records is related to the punishment and reformation of offenders and, as such, is uniquely within the Legislature's domain. Therefore, judicial authority to expunge criminal records must be found in statute. *Gilkinson*, 57 Wn. App. at 866.

But later, Division Two invoked inherent judicial power, at least implicitly, and sealed records in apparent contravention of the same statute when necessary to avoid manifest injustice. *State v. Shineman*, 94 Wn. App. 57, 62, 971 P.2d 94 (1999). As in *Gilkinson*, Mr. Shineman moved to expunge his record under RCW 10.97.060. Mr. Shineman's demand was based on a plea-bargained promise to expunge. Noting that RCW 10.97.060 did not authorize expungement, the court nevertheless ordered expungement "under RCW 10.97.060." *Shineman*, 94 Wn. App. at 64. The court reasoned that it had power to expunge without statutory authorization because a criminal defendant's constitutional rights generated by a plea agreement take priority over the statute. *Id.* at 62-63. We agree. This was an appropriate use of the *inherent power* of the court to enforce a plea agreement, even if that includes expunging a criminal record.

Moreover, we find numerous instances of judicial power to seal court records expressed or implied in court rules. *See, e.g., Arkansas Best Corp. v. General Elec. Capital Corp.*, 317 Ark. 238, 247, 878 S.W.2d 708, 712 (1994). The Rules of

---

[2] *State v. Gilkinson*, 57 Wn. App. 861, 790 P.2d 1247 (1990).

General Application (GR) expressly authorize all Washington courts to seal and destroy court records. GR 15(a); *In re Dependency of J.B.S.*, 122 Wn.2d 131, 137, 856 P.2d 694, 39 A.L.R.5TH 849 (1993). GR 15 provides for sealing the files and records of adult defendants. GR 15(c)(1)(B)(2). A motion to delete a record is treated as a motion to seal. GR 15(b)(1). On motion of any interested person in an adult criminal case, or on its own motion, the court may order the files and records sealed. GR 15(c)(1)(B). The court can do this without express statutory authority, if it finds that "there are compelling circumstances requiring such action." GR 15(c)(1)(B). The proponent of closure must make some showing of the need for sealing, and the court must weigh the case for closure against the public's interest in open access. *J.B.S.*, 122 Wn.2d at 138 (citing *Allied Daily Newspapers v. Eikenberry*, 121 Wn.2d 205, 210-11, 848 P.2d 1258 (1993)).

The court also has the power to vacate a judgment under CrR 7.8. On motion and upon such terms as are just, the court may relieve a party from a final judgment for any reason justifying relief, unless the adverse party can show cause why the relief asked for should not be granted. CrR 7.8(c)(2); CrR 7.8(b)(5).[3]

To the extent that a court rule conflicts with a statute, the court rule prevails whenever the right at issue is procedural. *State v. Smith*, 84 Wn.2d 498, 501-02, 527 P.2d 674 (1974). This reflects the division of power between the two branches issuing the conflicting regulations. *State v. W.W.*, 76 Wn. App. 754, 758, 887 P.2d 914 (1995) (citing *Smith*, 84 Wn.2d at 501); *Emwright v. King County*, 96 Wn.2d 538, 543, 637 P.2d 656 (1981). We find no conflict, however.

---

[3]CrR 7.8 makes a motion to vacate subject to RCW 10.73.090 and .100 (one-year limit on collateral attack). Here, the convictions were vacated in the 1970s, so RCW 10.73 is not a bar to relief under the court rule.

Courts have both statutory and inherent power to seal criminal records in the interests of justice.

## II
### CONTEMPT

■ ■ Administrative agencies have only the express powers granted to them and those necessarily implied from the statutory grant of authority. *Tuerk v. Department of Licensing*, 123 Wn.2d 120, 125, 864 P.2d 1382 (1994). The Legislature has designated the WSP an administrative agency responsible for the administration of the Washington State Criminal Records Privacy Act. RCW 10.97.090. RCW 43.43 is its statutory grant of authority. The WSP is not designated a reviewing body for orders directed to it by the superior court.

■ Contempt of court is intentional disobedience of any lawful order of the court. RCW 7.21.010(1)(b); *In re Personal Restraint of King*, 110 Wn.2d 793, 797, 756 P.2d 1303 (1988). An order is lawful if it issues from a court with jurisdiction over the parties and the subject matter. *Deskins v. Waldt*, 81 Wn.2d 1, 4, 499 P.2d 206 (1972). A court with jurisdiction may enforce even an erroneous order. *Id.* at 5. The court here had jurisdiction. Therefore, its order was lawful, regardless of whether it was right or wrong. The correct procedure to challenge the court order would have been to seek a writ. A separate action for declaratory judgment, mandamus, or prohibition is the proper method for third party challenges to closure orders in criminal proceedings. *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 35, 640 P.2d 716 (1982); *State v. Bianchi*, 92 Wn.2d 91, 93, 593 P.2d 1330 (1979).

The WSP intentionally disobeyed a lawful order of the court and was subject to contempt proceedings, whether the order was right or wrong.

## III
### CONCLUSION

The decision of the trial court is reversed and the case

414

remanded with instructions to seal the records and to impose such sanctions as the court deems appropriate for the WSP's willful contempt of the court's order. The trial court will determine the award of fees on remand. If fees are awarded, fees for this appeal would be appropriate.

KURTZ, C.J., and KATO, J., concur.

Reconsideration denied March 24, 2000.

Review granted at 141 Wn.2d 1024 (2000).