5 P.3d 747 (2000)
101 Wash.App. 623
STATE of Washington, Respondent,
v.
Robert L. NOEL, Petitioner/Appellant,
v.
Washington State Patrol, Third Party Defendant for limited purposes.
No. 24161-7-II.
Court of Appeals of Washington, Division 2.
July 28, 2000.
Carol Smith-Merkulov, Assistant Attorney General, Olympia, for Respondent.
G. Saxon Rodgers, Ditlevson, Rodgers & Hanbey, Ps, Olympia, for Appellant.
*748 HOUGHTON, J.
Robert L. Noel appeals the denial of his motion to prevent the Washington State Patrol (WSP) from disclosing his misdemeanor convictions, arguing the trial court erred in ruling it lacked authority to enter the order. We remand for further proceedings.

FACTS
The facts are undisputed. Noel was convicted, in superior court, of five crimes in three cases between the middle to late 1980s. His criminal record was:
(1) Thurston County Cause Number XX-X-XXX-X

Possession of marijuana of under 40 grams (misdemeanor), RCW 69.50.401(e).
(2) Thurston County Cause Number XX-X-XX-X

Possession of cocaine (felony), RCW 69.50.401.
(3) Thurston County Cause Number XX-X-XXX-X

Attempted delivery of controlled substance, to wit: cocaine (felony), RCW 9A.28.020 and RCW 69.50.401; simple assault (gross misdemeanor), RCW 9A.36.040; criminal trespass in the first degree (gross misdemeanor), RCW 9A.52.070.
In 1990, Noel received certificates and orders of discharge pertaining to his convictions in the second and third cases. The certificates were issued under RCW 9.94A.220.[1]
In 1998, Noel petitioned the superior court for an order vacating his convictions under RCW 9.94A.230. The Honorable Richard Hicks granted the motion, issuing three ordersone for each casevacating all five convictions.
Noel forwarded the orders to the WSP. After submitting a request for his criminal history, Noel noticed the WSP still reported the three misdemeanor convictions. Acting through its senior counsel, the WSP explained that although it had updated Noel's criminal history record to reflect the vacation of the felony convictions, it thought that the court lacked authority to enter an order vacating non-felony convictions. Thus, the WSP was still reporting Noel's misdemeanor and gross misdemeanor convictions.
Noel then moved to compel the WSP not to disclose the records of his misdemeanor convictions. A different judge, the Honorable Daniel Berschauer, denied the motion on grounds that the vacation orders previously entered were invalid, stating:
I am not allowed to grant vacations or dismissals on gross misdemeanors or misdemeanors, such that the State Patrol will not [sic] longer have to keep those records and not disclose them.
I can do so for felonies, and there's specific statutory [authority] to do so, but not for gross misdemeanors and misdemeanors.
Report of Proceedings at 10-12.

ANALYSIS
Noel contends that Judge Berschauer erred in concluding he lacked authority to order the WSP to discontinue releasing records of Noel's misdemeanor convictions. We agree because the trial court has the power under GR 15 to seal criminal records under compelling circumstances. Thus, we remand for a determination of whether such circumstances exist in this case.

Orders of Vacation
Noel seeks non-disclosure of his convictions under the three orders of vacation entered below. The WSP argues that the orders are invalid because they were entered without the required statutory authority. The WSP relies upon State v. Gilkinson, 57 Wash.App. 861, 790 P.2d 1247 (1990).
In Gilkinson, the defendant sought an order "deleting and expunging records" of his criminal offense. Gilkinson, 57 Wash.App. at 863, 790 P.2d 1247. The defendant argued the trial court had the inherent power to so act. Our court rejected the argument, reasoning that the "disposition of criminal records is a matter that would appear to be *749 related to the punishment and reformation of offenders. Such functions ... are uniquely within the Legislature's domain." Gilkinson, 57 Wash.App. at 866, 790 P.2d 1247.
Here, the issue is whether "vacation" of records also requires statutory authority. "To `vacate' is to annul, set aside, cancel or rescind; to render an act void, as in `to vacate an entry of record, or a judgment.'" State v. Breazeale, 99 Wash.App. 400, 408, 994 P.2d 254 (2000) (quoting BLACK'S LAW DICTIONARY 1548 (6th ed.1990)). "Vacation operates to `clear the record of conviction' in the same manner as did the Probation Act" (RCW 9.95.240). Breazeale, 99 Wash.App. at 408, 994 P.2d 254 (quoting DAVID BOERNER, SENTENCING IN WASHINGTON 11-7 (1985)).
Because vacation relates to an offender's punishment, a trial court must have statutory authority to vacate a conviction. Noel points to RCW 9.94A.230 and RCW 3.66.067 as providing the needed authority to vacate misdemeanor convictions. However, neither statute is applicable. RCW 9.94A.230 pertains only to felony convictions; RCW 3.66.067 pertains to deferred sentencing. Thus, Judge Hicks erred in vacating Noel's misdemeanor convictions.

Sealing of Records
But the invalidity of the vacation orders does not resolve this case. Noel moved to prevent the WSP from disclosing his convictions. Judge Berschauer denied the motion on grounds he did not possess the requisite authority. Thus, the ultimate question presented is not whether the vacation orders were valid but whether the trial court erred in concluding it lacked authority to prevent the WSP from disclosing Noel's convictions.
We begin by noting that the trial court determined it lacked authority based upon an improper framing of the issue. The court viewed the issue as whether it had the power to "grant vacations or dismissals of gross misdemeanors or misdemeanors[.]" Report of Proceedings at 11-12. Properly finding that it did not have such power, the trial court concluded it could not prevent disclosure of Noel's misdemeanor convictions. Such a conclusion was unwarranted. Although the court could not prevent disclosure under the invalid vacation orders, it could prevent disclosure by sealing Noel's criminal records.
The Rules of General Application (GR) expressly authorize all Washington courts to seal court records. GR 15(a). "To seal means to protect from examination by the public or nonauthorized court personnel." GR 15(b)(1). The court may seal the record of an adult defendant on either its own motion or the motion of any interested person in an adult criminal case. GR 15(c)(1)(B). A court may seal a record without express statutory authority, if it finds that "there are compelling circumstances requiring such action." GR 15(c)(1)(B).
More restrictive limitations are placed on a court's ability to destroy records. "To destroy means to obliterate a court file, case, document, or material in such a way as to make it permanently irretrievable." GR 15(b)(2). A motion to expunge is treated as a motion to destroy. GR 15(b)(2). Courts may destroy a record only if "expressly permitted by statute." GR 15(c)(1)(A). Accord Gilkinson, 57 Wash.App. 861, 790 P.2d 1247.
The distinction between destroying and sealing a criminal record is critical. The destruction of criminal records, with its attendant impact on future criminal proceedings, clearly relates to an offender's punishment and reformation and is therefore "uniquely within the Legislature's domain." See Gilkinson, 57 Wash.App. at 866, 790 P.2d 1247. On the other hand, the sealing of a criminal record is procedural. No substantive rights of either the State, as prosecutor, or the defendant are affected. The ability of the State to use sealed convictions in future criminal proceedings is not impinged, as it is when records are destroyed. The sole effect of sealing is on the public's right of access to the files.
Here, Noel does not seek destruction of his criminal record; he asks only that it be removed from public access. In essence, he requests that his record be sealed, not destroyed. Under GR 15, courts do not need statutory authority to seal records. The trial court erred in concluding it lacked authority *750 to prevent disclosure of Noel's misdemeanor convictions.
We remand for a determination of whether sealing Noel's record is appropriate in this case. Noel must make some showing of the need for sealing, and the court must weigh the merits of closure against the public's interest in open access. In re Dependency of J.B.S., 122 Wash.2d 131, 138, 856 P.2d 694, 39 A.L.R.5th 849 (1993) (citing Allied Daily Newspapers v. Eikenberry, 121 Wash.2d 205, 210-11, 848 P.2d 1258 (1993)). The court must then ultimately determine whether there are "compelling circumstances" requiring sealing. GR 15(c)(1)(B).
Remanded for further proceedings.
MORGAN, J., and HUNT, A.C.J., concur.
NOTES
[1] The certificates did not distinguish among Noel's felony and non-felony convictions.