**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| JAMES A. MICKELSON, | NO. 52485-6-II |
| Respondent, | |
| v. | |
| GALE ELIZABETH McARTHUR, | UNPUBLISHED OPINION |
| Defendant, | |
| HEATHER JEAN ELSIE LINCOLN BENEDICT, | |
| Appellant. | |

GLASGOW, J.—Heather Jean Elsie Lincoln Benedict has been involved in multiple lawsuits where she claimed entitlement to a portion of her deceased mother's estate, all without success. In at least one prior instance, she was sanctioned under CR 11.

Most recently, she attempted to join in this case between her father, James A. Mickelson, and her sister, Gale Elizabeth McArthur. This lawsuit is about money that McArthur borrowed from and allegedly owed Mickelson. Because Benedict had no cognizable interest in the property at issue, Mickelson moved to remove her from the lawsuit, prevent her from filing further pleadings, and impose CR 11 sanctions.

The trial court granted Mickelson's motions, finding that Benedict had intentionally made false statements to the court and had abused the judicial process. The court imposed over $5,000 in CR 11 sanctions.

Benedict appeals the sanctions order, arguing primarily that the trial court was not authorized to impose sanctions on her as a nonparty.

We affirm the trial court's imposition of sanctions under CR 11.

FACTS

Leanna Mickelson passed away in 2012. She was survived by her husband, James Mickelson, and her four adult children. Both Benedict and McArthur were Leanna's daughters.

Benedict claimed an interest in Leanna's estate. Benedict sued Mickelson, and the trial court in that case concluded that Leanna's estate passed to Mickelson via a prior community property agreement. *In re Estate of Mickelson*, No. 49056-1-II, slip op. at 12 (Wash. Court App. Oct. 24, 2017) (unpublished) http://www.courts.wa.gov/opinions/pdf/D2%2049056-1I%20Unpublished% 20Opinion.pdf. We affirmed. *Id.*

Benedict filed two other lawsuits in King County. The King County Superior Court initially issued an order adjudicating intestacy in one case. But the trial court vacated that order and both cases were ultimately dismissed. In one King County action, the trial court imposed CR 11 sanctions against Benedict.

In the present case, Mickelson loaned McArthur money and later sued McArthur to collect on the promissory note. Soon thereafter, Benedict twice filed a "Notice of Pro-Se Appearance as an Interested Party" in this case. Clerk's Papers (CP) at 18-19, 20-22. Benedict then filed a declaration claiming that she had an interest in the lawsuit because the money at issue should have been classified as the separate property of her late mother, allowing her to inherit a portion. Benedict then filed another pleading attempting to join the lawsuit as a necessary party.

Mickelson filed motions to remove Benedict from the lawsuit, impose CR 11 sanctions against her, and prevent her from participating in the lawsuit moving forward. Mickelson claimed that Benedict was never made a party to the suit, she never properly moved to intervene, and she had no cognizable interest in the relevant property. He asserted she knew that she had no such interest based on previous court proceedings, she filed misleading court documents from those prior proceedings, and she served improper subpoenas on Kitsap Bank.

The trial court granted each of Mickelson's motions and issued an order removing Benedict from this lawsuit, prohibiting her from filing future pleadings in this lawsuit, and imposing $5,053 in sanctions against her under CR 11. The court found that Benedict's filings "were knowing attempts to, without a factual or legal basis, increase litigation costs for James Mickelson. This finding is based, in part, on a history of [Benedict] filing, and being sanctioned for filing, baseless pleadings in other actions where James Mickelson is, or was, a named party." CP at 160. The trial court found that Benedict's actions were "part of a pattern of frivolous litigation activities" and that she "failed to perform an objectively reasonable prefiling inquiry into the factual and legal basis for her pleadings." CP at 160, 162. The court also found that Benedict improperly issued subpoenas to Kitsap Bank. The court ordered Benedict to pay sanctions in the amount of Mickelson's attorney fees.

Benedict appeals, arguing that the trial court did not have the authority under CR 11 to impose sanctions on her. She does not appear to challenge the trial court's underlying findings of fact.

ANALYSIS

A.      CR 11

Benedict argues that it was improper for the trial court to impose sanctions on her under CR 11 because she was not a party to the underlying lawsuit, and the court lacked personal jurisdiction over her. We disagree, and conclude that Benedict's assertion of herself as a party was sufficient to trigger the obligations and sanctions contemplated in CR 11.

CR 11 outlines the requirements for pleadings, motions, and legal memoranda filed with the court. The rule specifies that the "signature of a party or of an attorney" on such a filing signifies that, "to the best of the party's or attorney's knowledge," the filing is (1) well-grounded in fact; (2) warranted by law; (3) "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;" and (4) contains only those denials of factual contentions that are warranted on the evidence or reasonably based on a lack of information or belief. CR 11(a). CR 11(a)(4) further provides in relevant part: "If a pleading, motion, or legal memorandum is signed in violation of this rule, the court . . . may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay [reasonable attorney fees and costs]."

We review an award of CR 11 sanctions for abuse of discretion. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994). "In deciding whether the trial court abused its discretion, we must keep in mind that '[t]he purpose behind CR 11 is to deter baseless filings and to curb abuses of the judicial system.'" *Id*. (emphasis omitted) (alteration in original) (quoting *Bryant v. Joseph Tree, Inc*., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992)).

Benedict does not challenge the trial court's conclusion that her actions constituted a pattern of frivolous litigation activities designed to interfere with the proceeding between Mickelson and McArthur, but rather challenges the court's authority to impose sanctions on her under CR 11 at all because she was not an attorney or a party.

Although the trial court ultimately held that Benedict was not formally a party, nor was she an attorney, it is undisputed on appeal that she interposed herself into the litigation between her father and sister asserting herself as a party. She attempted to inject herself into the litigation as a necessary party, and that was enough to trigger the duties and sanctions contemplated by CR 11. The actions for which she was sanctioned occurred before the trial court determined that she could not be a party to this litigation.

The trial court's findings, which Benedict does not appear to challenge, establish that she filed papers in this case for an improper purpose. Recognizing that the purpose of CR 11 is to deter baseless filings and curb abuses of the judicial system, we conclude that the trial court properly applied the CR 11 sanctions provision here. The trial court did not abuse its discretion in imposing CR 11 sanctions on Benedict for her repeated attempts to insert herself as a party and interfere with the proceeding between Mickelson and McArthur.

## B.     Benedict's Other Arguments

Benedict also raises several other reasons why the trial court's order was improper. We reject them all.

First, Benedict suggests that the trial court violated RCW 4.68.010 by imposing sanctions against her when it had already ordered her not to file any further pleadings. But RCW 4.68.010 merely provides that when a judgment is recorded against one or more of several persons jointly

indebted by court order, those defendants who were not originally served with a summons *may* be summoned to show why they should not be bound by the judgment. Benedict is not one of several persons indebted in the judgment because she was the only person sanctioned in this proceeding. RCW 4.68.010 therefore does not apply here. And even if it did apply, it is clearly permissive and did not obligate the trial court to summon or otherwise formally add Benedict to the proceeding in order to impose sanctions against her.

Second, Benedict argues that the trial court lacked personal jurisdiction over her because she was not a party. But a nonparty may still be within the superior court's jurisdiction. *See State v. Breazeale*, 99 Wn. App. 400, 405, 994 P.2d 254 (2000), *aff'd in part, rev'd in part*, 144 Wn.2d 829, 31 P.3d 1155 (2001). Moreover, a person waives any claim of lack of personal jurisdiction if "she asks the court to grant affirmative relief, or otherwise consents, expressly or impliedly, to the court's exercising jurisdiction." *In re Marriage of Steele*, 90 Wn. App. 992, 997-98, 957 P.2d 247 (1998). Benedict waived any claim of lack of personal jurisdiction by moving to join the lawsuit as an interested party and claiming an interest in the property at issue.

Finally, Benedict argues that the trial court erred in entering any findings of fact against her because she is not a party to the lawsuit. She seems to suggest that this warrants vacating the judgment against her under CR 60(b)(4). CR 60(b)(4) provides that, on motion of a party, the court may relieve that party from judgment based on fraud, misrepresentation, or other misconduct of an adverse party. Benedict claims the trial court's findings related to Kitsap Bank were based on a misrepresentation from Mickelson that Benedict subpoenaed Kitsap Bank. But there is no evidence in the record that Benedict filed a motion as required under CR 60, nor does she point to anything

in the record to support her bare allegation that Mickelson's claims regarding her actions with Kitsap Bank were false or misleading. We reject this argument.

We affirm the trial court's imposition of sanctions under CR 11 against Benedict.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Maxa, P.J.

Cruser, J.