[No. 8723–9–III.   Division Three.   June 14, 1988.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK A. PARTIDA, *Appellant*.

*Katherine Steele Knox,* for appellant (appointed counsel for appeal).

*Dennis DeFelice, Prosecuting Attorney,* and *Steven Lowe, Deputy,* for respondent.

GREEN, J.—Frank A. Partida was charged with and convicted of unlawful possession of a controlled substance with intent to deliver in violation of RCW 69.50.401(a)(1)(i). The sole issue is whether the court erred by refusing to treat Mr. Partida as a first offender under RCW 9.94A.120(5) for sentencing purposes. There was no error and we affirm.

On December 17, 1986, officers of the Pasco Police Department executed a search warrant at Mr. Partida's residence and seized 14 bindles of cocaine (approximately 3.5 grams), drug paraphernalia and $1,040 in cash. He was convicted on May 7 and on June 30 was sentenced to the Department of Corrections for 12 months plus 1 day, the low end of the standard range. In reaching this sentence, the court considered a prior 1973 conviction of grand larceny in Franklin County, where Mr. Partida received a deferred sentence and was placed on probation for 3 years. After he successfully completed probation, the charge was dismissed on January 16, 1976.

Mr. Partida contends the court erred in considering the 1973 conviction in determining his sentence. He argues that he should have been treated as a first–time offender under RCW 9.94A.030(15) because of the dismissal of the 1973 conviction. Thus, under RCW 9.94A.120(5)[1] he is eligible for a lesser sentence in a county facility. To the contrary,

---

[1]The statute provides "[i]n sentencing a first–time offender the court *may* waive the imposition of a sentence within the sentence range and impose a sentence which may include up to ninety days of confinement in a facility operated . . . by the county . . ." (Italics ours.) Whether to exercise this option is within the trial court's discretion, and a defendant's rehabilitative potential need not be considered on the record. *State v. Smith,* 49 Wn. App. 596, 603, 744 P.2d 1096 (1987), *review denied,* 110 Wn.2d 1007 (1988); *State v. Boze,* 47 Wn. App. 477, 481, 735 P.2d 696 (1987).

the State contends the 1973 conviction was properly considered and precluded his treatment as a first–time offender. We agree.

■ When the present offense was committed, RCW 9.94A.030(12)[2] defined a first offender as

> any person convicted of a felony not classified as a violent offense under this chapter, *who previously has never been convicted of a felony* in this state, federal court, or another state, *and who has never participated in a program of deferred prosecution* for a felony offense.

(Italics ours.) "Conviction" means an adjudication of guilt and includes acceptance of a plea of guilty. *See* RCW 9.94A.030(6) and former RCW 9.94A.030(6); *State v. Carlyle,* 19 Wn. App. 450, 457, 576 P.2d 408 (1978) ("conviction" means where the accused is formally adjudged guilty of the crime charged). A sentence is "deferred" when the court adjudges the defendant guilty but defers imposition of the sentence and places the person on probation. *Carlyle,* at 454. In *State v. Harper,* 50 Wn. App. 578, 749 P.2d 722 (1988), the court held that a deferred sentence of probation is a "conviction served" for purposes of the Sentencing Reform Act of 1981 (SRA). The court noted one placed on probation is as much serving a sentence as one sentenced to confinement; the SRA provisions for determining offender scores focus on the fact and nature of prior convictions, not on the type of sentence imposed. *Harper,* at 580. This reasoning is controlling as Mr. Partida pleaded guilty to the grand larceny charge and served probation. The order of dismissal after fulfilling the terms of his probation is of no moment. *See also State v. Braithwaite,* 92 Wn.2d 624, 600 P.2d 1260 (1979); *State v. Edelstein,* 146 Wash. 221, 262 P. 622 (1927); *State v. Southerland,* 43 Wn. App. 246, 716 P.2d 933 (1986); D. Boerner, *Sentencing in Washington* § 7.4 (1985). He stands convicted of the 1973 offense for purposes of the SRA. Thus, Mr. Partida was not

---

[2]This section is now RCW 9.94A.030(15)(a) and contains an identical provision.

entitled to first offender status and was properly sentenced. His ex post facto claim based on *State v. Henderson,* 34 Wn. App. 865, 664 P.2d 1291 (1983) is without merit.

Affirmed.

THOMPSON, A.C.J., and MUNSON, J., concur.

Review denied by Supreme Court October 4, 1988.