246 P.3d 812 (2010)
158 Wash.App. 501
STATE of Washington, Appellant,
v.
Jason Dwayne SMITH, Respondent.
No. 63458-5-I.
Court of Appeals of Washington, Division 1.
September 7, 2010.
Publication Ordered December 2, 2010.
*813 Matthew R. Pittman, John Jeppe Juhl, Snohomish County Prosecuting Atty's, Everett, for Appellant.
David Martin Newman, Rainier Law Group PLLC, Bellevue, for Respondent.
LEACH, A.C.J.
¶ 1 Under RCW 9.94A.640(2)(d), "[a]n offender may not have the record of conviction cleared if ... the offender has been convicted of a new crime in this state ... since the date of the offender's discharge." Jason D. Smith, whose criminal history consisted of a 1989 felony conviction from which he was discharged and a 1995 misdemeanor conviction that was later vacated, sought vacation of his felony conviction. We must decide whether Smith's 1995 vacated misdemeanor conviction constitutes a subsequent conviction that disqualifies him from obtaining an order vacating his 1989 felony conviction under RCW 9.94A.640. Because the plain words of RCW 9.96.060(3) indicate that the legislature intended to prohibit all adverse consequences of a vacated misdemeanor conviction, with the exception of its use in a subsequent criminal conviction, we affirm.

FACTS
¶ 2 On October 9, 1989, Smith pleaded guilty to second degree burglary, a class B felony, in Snohomish County Superior Court. The court sentenced Smith to 30 days' confinement in the Snohomish County Jail with 26 of those days converted to 208 hours of community service. The court also imposed 12 months of community supervision.
*814 ¶ 3 On December 28, 1990, after completing the conditions of his sentence, Smith moved for a certificate and order of discharge from the burglary conviction, which the court granted.
¶ 4 Around August 30, 1995, Smith was charged with first degree possession of stolen property in King County Superior Court. He pleaded guilty to third degree possession of stolen property, a gross misdemeanor, on December 6, 1995. The court sentenced Smith to 10 days in the King County Jail, with 9 of those days converted to 72 hours of community service. The court also placed Smith on 12 months of probation.
¶ 5 On January 5, 2009, the King County Superior Court granted Smith's request to vacate the 1995 conviction for possession of stolen property. The court found that "[t]he defendant has not been convicted of any new crime in this state, another state, or federal court since the defendant was convicted in this matter" and "[t]he defendant has never had the record of another conviction vacated." The vacation order further stated,
3.3. The defendant's guilty plea for the offense listed in paragraph 3.2 is withdrawn and a not guilty plea is entered.
3.4. The charging document is dismissed and the judgment and sentence is vacated for the offense listed in paragraph 3.2.
3.5. The defendant shall be released from all penalties and disabilities resulting from the offense listed in paragraph 3.2.
3.6. For all purposes, the defendant may state that he or she has never been convicted of the offense listed in paragraph 3.2.
¶ 6 On January 27, 2009, Smith filed a motion in Snohomish County Superior Court seeking to vacate the 1989 second degree burglary conviction. The State opposed the motion, arguing that the 1995 conviction for possession of stolen property, although vacated, made Smith ineligible for vacation of the 1989 burglary conviction. Smith responded, "[I]f the now-vacated 1995 misdemeanor disqualifies Smith from vacating the conviction in this case, then Smith obviously is not released from all disabilities. If the 1995 misdemeanor stands in the way, then it continues to cause an adverse consequence despite the vacation order."
¶ 7 On April 30, 2009, the court granted Smith's motion. The court reasoned,
There apparently is not a case on point. It would be my position [to] interpret[] the two statutes. And I think the more ... fair resolution of that would be more consistent with where the legislature is going and public policy is going ... and that is a person shouldn't have the scarlet letter for the rest of his life.
Mr. Smith, his rights were restored to him, I signed an order discharging that. The only thing that is preventing him, potentially preventing him from the relief that he's requesting is a conviction, misdemeanor conviction which has been vacated. And I treat that literally, it's for naught. It didn't happen. He wasn't convicted. And it should not be an impediment from granting the relief that he now requests.
The State appeals.

STANDARD OF REVIEW
¶ 8 We review statutory construction issues de novo.[1] The court's objective is to ascertain and carry out the intent and purpose of the legislature.[2] If the meaning of a statute is plain on its face, then the court must give effect to that meaning.[3] The plain meaning is derived from "`the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.'"[4] If the language of the statute is *815 plain, the court's inquiry ends.[5]

ANALYSIS
¶ 9 The State contends that Smith's 1995 vacated misdemeanor conviction is a subsequent conviction that disqualifies him from obtaining an order vacating his 1989 felony conviction under RCW 9.94A.640.
¶ 10 The Sentencing Reform Act of 1981 (SRA) grants trial courts limited authority under RCW 9.94A.640 to vacate felony convictions. RCW 9.94A.640 lists different circumstances where courts may not vacate felonies. At issue here is RCW 9.94A.640(2)(d), which provides, "An offender may not have the record of conviction cleared if ... the offender has been convicted of a new crime in this state, another state, or federal court since the date of the offender's discharge under RCW 9.94A.637."
¶ 11 The parties dispute how the term "convicted" must be interpreted in the context of RCW 9.96.060(3) since Smith's 1995 misdemeanor conviction was vacated. RCW 9.96.060(3), which sets forth the consequences of a court's order vacating a misdemeanor conviction, provides,

Once the court vacates a record of conviction under subsection (1) of this section, the person shall be released from all penalties and disabilities resulting from the offense and the fact that the person has been convicted of the offense shall not be included in the person's criminal history for purposes of determining a sentence in any subsequent conviction. For all purposes, including responding to questions on employment or housing applications, a person whose conviction has been vacated under subsection (1) of this section may state that he or she has never been convicted of that crime. Nothing in this section affects or prevents the use of an offender's prior conviction in a later criminal prosecution.
(Emphasis added.) Notwithstanding RCW 9.96.060(3), the State insists that the plain words of RCW 9.94A.640(2)(d) "require[] us to look to the fact of the subsequent conviction, not to whether any penalties or disabilities of the subsequent conviction continue to exist." Smith responds that "convicted" must be construed in a manner that gives effect to the language "released from all penalties and disabilities" in RCW 9.96.060(3).
¶ 12 In interpreting "convicted" in RCW 9.94A.640(2)(d), we consider that the language "released from all penalties and disabilities" is contained in RCW 9.96.060, RCW 9.94A.640, and RCW 9.95.240.[6] As stated previously, RCW 9.96.060 and RCW 9.94A.640, respectively, provide for the vacation of misdemeanors and the vacation of SRA felonies, i.e., felonies committed on or after July 1984. RCW 9.95.240, on the other hand, governs the vacation of pre-SRA felonies, i.e., felonies committed before July 1, 1984. Under each of these provisions, an offender whose conviction is vacated is "released from all penalties and disabilities resulting from the offense."[7]
¶ 13 Our Supreme Court in State v. Breazeale[8] analyzed this phrase in the context of RCW 9.95.240 and RCW 9.94A.230 (later recodified as RCW 9.94A.640). The Breazeale court noted that "the Legislature intended RCW 9.95.240 and RCW 9.94A.230 to have the same practical effect." The court explained that "[t]his court has interpreted the language common to both statutes, `released from all penalties and disabilities,' to mean that a person who has been granted dismissal under RCW 9.95.240 is entitled to assert *816 that he or she has never been convicted."[9] The court further stated, "RCW 9.95.240 `is a legislative expression of public policy ... [that] a deserving offender [is restored] to his [or her] preconviction status as a full-fledged citizen.'"[10] In conclusion, the Breazeale court held, "The Legislature intended to prohibit all adverse consequences of a dismissed conviction, with the one exception of use in a subsequent criminal conviction but with no additional implied exceptions."[11] Following Breazeale, the fact that both RCW 9.96.060 and RCW 9.94A.640 contain the phrase "released from all penalties and disabilities" supports Smith's position that "convicted" in RCW 9.94A.640 should be construed to reflect the legislature's intent to prohibit all adverse consequences of a vacated conviction, with the exception of its use in a subsequent criminal conviction. Because this exception does not apply here, the superior court properly determined that Smith's vacated 1995 misdemeanor conviction should not disqualify him from obtaining an order vacating his 1989 felony conviction.
¶ 14 The State nonetheless maintains that "convicted" means "the fact that the offender has been convicted of the offense." But no language specifically states this. Indeed, both RCW 9.94A.640(3) and RCW 9.96.060(3) contain language demonstrating that the legislature could have defined "conviction" in this manner if that was its intent. Both statutes permit the use of a vacated conviction in a later prosecution. Had the legislature intended that a vacated misdemeanor could be considered when a defendant later requested vacation of a felony, it could have included a parallel provision so stating. Instead, these provisions expressly state that once a conviction is vacated, "the fact that the offender has been convicted of the offense" is not to be included in the offender's criminal history.
¶ 15 The State also claims that the statutory definition of "conviction" supports its reading. Under RCW 9.94A.030(9), a "conviction" means "an adjudication of guilt pursuant to Title 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." Smith does not dispute that he pleaded guilty to the misdemeanor offense and was convicted in 1995. But this definition of "conviction" does not show that the legislature intended courts to disregard the effect of a subsequent vacation order or the policy emphasized in Breazeale.
¶ 16 The State next argues that State v. Partida[12] and Matsen v. Kaiser[13] support its reading of RCW 9.94A.640(2)(d). In Partida, Frank Partida argued that the trial court erred when it considered his 1973 felony conviction in determining his sentence for a felony committed in 1986.[14] Specifically, Partida claimed that he should have been treated as a first-time offender because his 1973 conviction had been dismissed following his successful completion of probation on a deferred sentence.[15] Division Three disagreed, holding that Partida "stands convicted of the 1973 offense for purposes of the SRA."[16]Partida, however, does not control here since our Supreme Court decided Breazeale in 2001. Furthermore, the Partida court examined the definition of "first offender" in former RCW 9.94A.030(12), defined as "any person convicted of a felony not classified as a violent offense under this chapter, who previously has never been convicted of a felony in this state, federal court, or another state, and who has never participated in a program of deferred prosecution *817 for a felony offense."[17]Partida also concerns a different context, namely the use of a dismissed pre-SRA conviction in determining a sentence.[18]
¶ 17 In Matsen, Sheriff Kaiser, after resigning from office, entered a plea of guilty to the felony of misappropriating public records.[19] The trial court's order accepting the plea imposed six months' probation, but provided that if Kaiser successfully completed probation, he could petition to withdraw his guilty plea and the court might then dismiss the information.[20] As provided in RCW 9.95.240, the dismissal released him "from all penalties and disabilities resulting from [the] offense."[21] Kaiser obtained a dismissal and was again elected sheriff.[22] A voter brought suit, claiming that Kaiser's conviction disqualified him from holding office within the meaning of RCW 9.92.120.[23]
¶ 18 None of the three opinions filed in Matsen garnered a majority vote. The two justices signing the lead opinion held that the entry of a judgment and sentence after a guilty plea constitutes a conviction;[24] the four concurring justices stated that a guilty plea, together with an order deferring the imposition of sentence, is a conviction,[25] and the three dissenting justices concluded that a guilty plea alone amounts to a conviction.[26] In any event, the Matsen court held that Kaiser's felony conviction dismissed under RCW 9.95.240 did not render him ineligible to hold office under RCW 9.92.120.[27] Given its limited precedential value[28] and its outcome, Matsen does not advance the State's argument.
¶ 19 Finally, the State contends that Smith's reading of RCW 9.94A.640(2)(d) leads to absurd results. The State points out that RCW 9.96.060(2)(h) allows only one misdemeanor to be vacated while RCW 9.94A.640(2) does not contain any such restriction.[29] Based on this difference between the statutes, the State posits the following scenarios:
[A] defendant who has been convicted of two or more felonies may have all of his convictions vacated and his criminal record cleared, simply starting with the most recent felony and vacating them sequentially in backward fashion. Contrariwise, a defendant who has been convicted of the same number of misdemeanors can never have his misdemeanor convictions vacated, only the last. If the defendant has been convicted of both felonies and a misdemeanor, if the misdemeanor was committed last, all records of conviction may be vacated. If the misdemeanor was committed before any of the felonies, the defendant would not be able to vacate the misdemeanor, even if all the felony convictions were vacated.
This argument ignores that both RCW 9.94A.640 and RCW 9.96.060 provide that vacations may never be granted for some offenses and may only be available under limited circumstances for other offenses. It also ignores the discretion these statutes vest in the trial court to deny relief. Still, one *818 could argue that some of the scenarios suggested by the State are anomalous because persons convicted of particular felonies are provided a greater opportunity to clear their criminal history than persons convicted of certain misdemeanors. But "this is the result of the language that the legislature used and it is not for us to find a different effect of these statutes than that which the legislature expressed."[30] Moreover, the differential treatment of felonies and misdemeanors reflects a policy decision made by the legislature. In 2001, the legislature limited vacation of misdemeanors by enacting RCW 9.96.060(2)(h).[31] Presumably, the legislature was aware that no such restriction existed with respect to the vacation of felonies and chose not to amend RCW 9.94A.640.[32]
¶ 20 For all of the above reasons, we find Smith's interpretation of "convicted" in RCW 9.94A.640 persuasive. Smith urges this court, if we determine the word "convicted" to be ambiguous, to apply the rule of lenity. Although the same result is obtained by applying the rule of lenity,[33] this rule applies only when the legislature's intent is lacking.[34]Breazeale determined the legislature's intent. We interpret RCW 9.94A.640(3) to effect that intent. Therefore, Smith's vacated misdemeanor offense does not disqualify him from obtaining a vacation order of his felony conviction.

CONCLUSION
¶ 21 The plain language of RCW 9.94A.640(3) and RCW 9.96.060(3) indicates that the legislature intended to prohibit all adverse consequences of a vacated misdemeanor conviction, with the exception of its use in a subsequent criminal conviction. Accordingly, Smith's 1995 vacated misdemeanor conviction is not a subsequent conviction that disqualifies him from obtaining an order vacating his 1989 felony conviction.
¶ 22 Affirmed.
WE CONCUR: COX and BECKER, JJ.
NOTES
[1] City of Seattle v. Quezada, 142 Wash.App. 43, 47, 174 P.3d 129 (2007) (citing State v. Hahn, 83 Wash.App. 825, 831, 924 P.2d 392 (1996)).
[2] Belleau Woods II, LLC v. City of Bellingham, 150 Wash.App. 228, 240, 208 P.3d 5 (2009).
[3] Belleau Woods II, 150 Wash.App. at 240, 208 P.3d 5.
[4] State v. Combs, 149 Wash.App. 556, 558, 204 P.3d 264 (2009) (quoting State v. Jacobs, 154 Wash.2d 596, 600, 115 P.3d 281 (2005)).
[5] Belleau Woods II, 150 Wash.App. at 240, 208 P.3d 5 (citing Cerrillo v. Esparza, 158 Wash.2d 194, 205-06, 142 P.3d 155 (2006)).
[6] See State v. Madrid, 145 Wash.App. 106, 116, 192 P.3d 909 (2008) ("A statute's plain meaning is discerned from `all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question.'") (quoting Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wash.2d 1, 11-12, 43 P.3d 4 (2002)).
[7] RCW 9.96.060(3), RCW 9.94A.640(3) and RCW 9.95.240(1). Former RCW 9.94A.030(14)(b) (2008) also states, "A conviction may be removed from a defendant's criminal history only if it is vacated pursuant to RCW 9.96.060, 9.94A.640, 9.95.240, or a similar out-of-state statute, or if the conviction has been vacated pursuant to a governor's pardon."
[8] 144 Wash.2d 829, 837, 31 P.3d 1155 (2001).
[9] Breazeale, 144 Wash.2d at 837, 31 P.3d 1155 (emphasis added) (citing In re Discipline of Stroh, 108 Wash.2d 410, 417-18, 739 P.2d 690 (1987)).
[10] Breazeale, 144 Wash.2d at 837, 31 P.3d 1155 (quoting Matsen v. Kaiser, 74 Wash.2d 231, 237, 443 P.2d 843 (1968) (Hamilton, J., concurring) (alterations in original)).
[11] Breazeale, 144 Wash.2d at 837-38, 31 P.3d 1155 (citing Blevins v. Dep't of Labor & Indus., 21 Wash.App. 366, 368, 584 P.2d 992 (1978); State v. Walker, 14 Wash.App. 348, 541 P.2d 1237 (1975)).
[12] 51 Wash.App. 760, 756 P.2d 743 (1988).
[13] 74 Wash.2d 231, 443 P.2d 843 (1968).
[14] Partida, 51 Wash.App. at 761, 756 P.2d 743.
[15] Partida, 51 Wash.App. at 761, 756 P.2d 743.
[16] Partida, 51 Wash.App. at 762, 756 P.2d 743.
[17] Partida, 51 Wash.App. at 762, 756 P.2d 743 (quoting former RCW 9.94A.030(12) (1985)).
[18] In contrast to RCW 9.95.240, RCW 9.94A.640(3) and RCW 9.96.060(3) contain the following language, "Once the court vacates a record of conviction ... the fact that the person has been convicted of the offense shall not be included in the person's criminal history for purposes of determining a sentence in any subsequent conviction."
[19] Matsen, 74 Wash.2d at 232-33, 443 P.2d 843.
[20] Matsen, 74 Wash.2d at 233, 443 P.2d 843.
[21] Matsen, 74 Wash.2d at 233, 443 P.2d 843.
[22] Matsen, 74 Wash.2d at 232, 443 P.2d 843.
[23] Matsen, 74 Wash.2d at 232, 443 P.2d 843.
[24] Matsen, 74 Wash.2d at 235, 443 P.2d 843.
[25] Matsen, 74 Wash.2d at 239, 443 P.2d 843 (Hamilton, J., concurring).
[26] Matsen, 74 Wash.2d at 240, 443 P.2d 843 (Hill, J., dissenting).
[27] Matsen, 74 Wash.2d at 236-37, 443 P.2d 843.
[28] In re Pers. Restraint of Isadore, 151 Wash.2d 294, 302, 88 P.3d 390 (2004).
[29] RCW 9.96.060(2)(h) provides that person may not obtain an order of vacation if "[t]he applicant has ever had the record of another conviction vacated."
[30] Madrid, 145 Wash.App. at 117, 192 P.3d 909.
[31] See LAWS OF 2001, ch. 140, § 1.
[32] State v. Conte, 159 Wash.2d 797, 808, 154 P.3d 194 (2007) (stating principle of statutory construction that legislature is presumed to know existing statutes affecting the matter upon which it is legislating).
[33] State v. Lively, 130 Wash.2d 1, 14, 921 P.2d 1035 (1996) ("The rule of lenity provides that where an ambiguous statute has two possible interpretations, the statute is to be strictly construed in favor of the defendant.") (citing State v. Gore, 101 Wash.2d 481, 486, 681 P.2d 227 (1984); State v. Sass, 94 Wash.2d 721, 726, 620 P.2d 79 (1980)).
[34] In re Pers. Restraint of Bowman, 109 Wash. App. 869, 875-76, 38 P.3d 1017 (2001).