IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34851-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KASI LYNN SLEATER, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Kasi Sleater appeals from an order denying her motion to vacate her 2006 conviction for possession of methamphetamine, arguing that a subsequent conviction occurring after the certificate of discharge issued for an offense committed prior to that date was not a "new crime" preventing vacation of the offense. We disagree with the focus of her argument and affirm the trial court.

## FACTS

Ms. Sleater pleaded guilty on February 8, 2006, to possession of methamphetamine and complied with all the terms of the judgment and sentence. A certificate of discharge issued on May 22, 2008. However, one week before the certificate issued, she had been arrested for possessing methamphetamine with the intent to deliver.

She promptly pleaded guilty on May 29, 2008, to one count of unlawful possession of methamphetamine with the intent to manufacture or deliver and was sentenced to 22

months in prison. On October 3, 2016, Ms. Sleater moved to vacate the 2006 conviction, declaring that she did "not have a conviction for any new crime in any jurisdiction since discharge." Clerk's Papers at 16. The State responded that the 2008 conviction prevented vacation of the 2006 conviction.

The trial court heard argument on the motion and agreed with the State's interpretation of the statute. Ms. Sleater timely appealed to this court. A panel considered the matter without argument.

## ANALYSIS

The sole issue presented is whether the 2008 offense prevented the vacation of the 2006 conviction. Ms. Sleater wrongly focuses on the timing of her 2008 arrest rather than the date of conviction for that offense.

This case presents an issue of statutory interpretation, so the basic rules of statutory construction govern this claim. Questions of statutory interpretation are reviewed de novo. *State v. Bradshaw*, 152 Wn.2d 528, 531, 98 P.3d 1190 (2004). A court begins by looking at the plain meaning of the rule as expressed through the words themselves. *Tesoro Ref. & Mktg. Co. v. Dep't of Revenue*, 164 Wn.2d 310, 317, 190 P.3d 28 (2008). If the meaning is plain on its face, the court applies the plain meaning. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). Only if the language is ambiguous does the court look to aids of construction. *Id.* at 110-11. A provision is ambiguous if it is reasonably subject to multiple interpretations. *State v. Engel*, 166

Wn.2d 572, 579, 210 P.3d 1007 (2009); *State v. McGee*, 122 Wn.2d 783, 787, 864 P.2d 912 (1993).

The rule of lenity can be applied to ambiguous criminal statutes. If a statute is truly ambiguous, the rule of lenity requires that "the court must adopt the interpretation most favorable to the criminal defendant." *McGee*, 122 Wn.2d at 787.

Vacation of a felony conviction in Washington is a two-step process under the Sentencing Reform Act of 1981, chapter 9.94A RCW. When a convicted offender completes the requirements of his judgment and sentence, a certificate of discharge will enter and restore many civil rights. RCW 9.94A.637. After the receipt of the certificate of discharge and the passage of the requisite amount of time,[1] the offender can seek vacation of the conviction pursuant to RCW 9.94A.640.

At issue here is the meaning of one of the vacation policy's exceptions found in RCW 9.94A.640(2). The relevant provision states:

> (2) An offender may not have the record of conviction cleared if: . . .
> (d) the offender has been <u>convicted of a new crime</u> in this state, another state, or federal court since the date of the offender's discharge under RCW 9.94A.637.

RCW 9.94A.640 (emphasis added).

---

[1] A five year period for most class C felony offenses and ten years for most class B felony crimes. RCW 9.94A.640(2).

Focusing on the phrase, "new crime," Ms. Sleater argues that there was nothing "new" about the 2008 offense since it occurred and was known to law enforcement prior to the certificate of discharge. She contends that the 2008 conviction could not therefore prevent vacation of the 2006 conviction since it did not involve a new offense occurring after the certificate of discharge. She also contends that her reading of the statute shows that, at a minimum, the statute is ambiguous and the rule of lenity should apply.

Although Ms. Sleater has a clever argument, we do not agree with her reading of the statute. The plain reading makes inescapable the conclusion that since Ms. Sleater's 2008 *conviction* was entered after the certificate of discharge for the 2006 conviction, she is ineligible to vacate the earlier offense. The statute does not mention, let alone focus on, the date of the "new crime." Instead, the statute clearly states the trigger mechanism is whether the offender has been "*convicted* of a new crime" after the date of discharge and is, therefore, ineligible for vacation. RCW 9.94A.640(2)(d) (emphasis added). The words "new crime" modify the verb "convicted." That verb is the focus of the sentence.[2] It is the fact of conviction of a new crime, not the date that the new crime was committed, that has significance for the vacation rules. This statute is not ambiguous and there is no

---

[2] Ms. Sleater places emphasis on the word "new" in the phrase "new crime" to contend that the crime had not occurred prior to the date of discharge. That interpretation does not flow from a plain reading of the sentence. The natural reading, based on the total construction of the sentence, is that "new" means "different." This clarifies that the second crime for which an offender was convicted must be different from the crime that had been discharged.

4

need to resort to the rule of lenity. The trial court correctly concluded that the 2006 conviction could not be vacated due to the subsequent 2008 conviction.

Nonetheless, Ms. Sleater is not without remedy. Once she has received her certificate of discharge for the 2008 offense and is eligible to vacate it, she can first vacate that conviction and then seek vacation of the 2006 offense. *See State v. Smith*, 158 Wn. App. 501, 246 P.3d 812 (2010).[3] There is little utility to vacating the 2006 possession conviction while the more serious 2008 possession with intent conviction remains on her record.

The judgment of the trial court is affirmed.

Korsmo, J.

WE CONCUR:

Siddoway, J.

Lawrence-Berrey, A.C.J.

---

[3] Our decision is consistent with *Smith*. There, Division One of this court affirmed the vacation of an offender's 1989 felony conviction following the vacation of his 1995 misdemeanor conviction. 158 Wn. App. at 503. That court's analysis also focused on whether the vacated 1995 offense constituted a subsequent *conviction* rather than whether it was merely a post-discharge "new crime."